MAGGIE NORVELL, Appellant, v. ALEXANDER
COOPER, JR., Administrator, Respondent.

St. Louis Court of Appeals, February 21, 1911.

1. WITNESSES: Competency: Heirs of Deceased Person.   The
common-law rule that a person having a pecuniary interest di-
rectly involved in the matter in issue and on trial is disqualified
to testify as a witness has been abolished, absolutely and un-
conditionally, by section 6354, Revised Statutes 1909.

2. ———: ———: ———: Statute.   In an action against an
administrator on a promissory note executed by his intestate,
the children of decedent were competent witnesses to testify for
the defendant, under section 6354, Revised Statutes 1909, and
were not disqualified under the proviso to that section; the
only persons disqualified to testify by said proviso, when one
of the original parties to the contract in issue and on trial is
dead, being the other party to such contract and any party
whose right of action or defense is derived to him from such
other party.

3. **COURTS: Functions.** Courts do not sit for the purpose of amending laws so as to avoid possible or fancied inequalities between parties, but it is their duty to construe the laws, leaving their wisdom and sufficiency to the Legislature.

4. **WITNESSES: Competency: Disqualification of Husband: Husband and Wife.** At common law, a husband was incompetent to testify in actions to which his wife was a party, or, though not a party, in the result of which she had a direct pecuniary interest, and he remains incompetent to testify in such cases, except in so far as the statute has removed his disqualification; and hence, in an action against an administrator on a note executed by his intestate, the husband of an heir of intestate was incompetent to testify for defendant.

5. ———: ———: ———: **Failure to Make Timely Objection: Waiver.** The general rule is, that the right to object to a witness as incompetent is waived if objection is not made at the first opportunity; so that, in an action against an administrator on a promissory note executed by his intestate, where the husband of one of the heirs of intestate was offered as a witness for defendant and no objection as to his competency was made until he had given considerable testimony and an objection to his evidence on another ground was made before the objection was interposed that he was incompetent, plaintiff waived his incompetency.

6. ———: ———: ———: ———: ———. Where an incompetent witness was permitted to testify at a former trial without objection, an objection to his competency to testify at the second trial was waived, and, being once waived, could not be recalled.

7. **APPELLATE PRACTICE: Assignments of Error in Reply Brief.** An assignment of error will not be considered on appeal, where first made in appellant's reply brief, as it should have been made in the original brief or in a supplemental brief filed by leave.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Ball & Sparrow* and *Pearson & Pearson* for appellant.

The children and heirs of deceased, A. Cooper, Sr., were incompetent witnesses on the part of respondent,

for the reason that A. Cooper, Sr., being dead, and they being his heirs and beneficiaries of his estate, have such pecuniary interest as to render them incompetent as witnesses. A. Cooper, Sr., being dead closes the mouth of the plaintiff, and appellant urges that the law also closes the mouths of the sons and daughters and son-in-law of deceased. Under the common law none of these parties were competent witnesses. 1 Greenleaf on Evidence, sec. 327. The statute does not make them competent. R. S. 1899, sec. 4652; Tucker v. Gentry, 93 Mo. App. 655; Leach v. McFadden, 110 Mo. 584; Meier v. Thieman, 90 Mo. 433; Messimer v. McCray, 113 Mo. 382; Shepherd & Co. v. Jones, 32 Mo. App. 657; American Law of Administrations, pp. 832 to 837; Hinckley v. Hinckley, 79 Mo. 320; Bird v. Wolf, 4th McLean 549; Rice v. Shipley et al., 159 Mo. 399; Saetelle v. Insurance Co., 81 Mo. App. 509; Bagnell v. Bank, 76 Mo. App. 121; Bieber, admr., v. Boeckman, 70 Mo. App. 503.

*Frank Duvall* and *J. D. Hostetter* for respondent.

Appellant's counsel claim that the sons and daughters and son-in-law of the deceased were incompetent witnesses because they were interested. This was the common law rule, but by the express terms of the statute it is provided that interest does not disqualify them as witnesses. Smith v. Brinkley, 132 S. W. 301.

CAULFIELD, J.—This suit originated in the probate court of Pike county as a demand against the estate of Alexander Cooper, Sr., deceased, founded upon a negotiable promissory note for fifteen hundred dollars, alleged to have been made by Cooper during his lifetime to his daughter, the plaintiff. An appeal was allowed and taken from the decision of the probate court to the circuit court. At the trial in the circuit court, two men, engaged in the banking business, familiar with the handwriting of the decedent, gave testimony tending to prove the execution of the note by him. There-

upon the note was admitted in evidence. To meet this proof, the sons and daughters of the decedent, Alexander Cooper, Sr., were permitted to testify in favor of the defendant, and this notwithstanding plaintiff's objection that they were disqualified as witnesses, by reason of their pecuniary interest as children and heirs of the decedent, he having died intestate and they being entitled to share in his estate. The court also permitted the husband of one of said daughters to testify in favor of the defendant administrator, against plaintiff's objection that he was incompetent because of being such husband "and therefore interested in the estate." To the rulings of the trial court in these respects the plaintiff duly saved exceptions and has duly assigned such rulings as errors. We will first dispose of the question as to the competency of the children, and next that as to the competency of the husband of one of them.

I. We may at the outset dismiss the idea that the children of the decedent, Alexander Cooper, Sr., are disqualified, as at common law, merely because they have a pecuniary interest directly involved in the matter in issue and on trial. That common law rule has been abolished absolutely and unconditionally by section 6354, Revised Statutes 1909. [Weirmueller v. Scullin, 203 Mo. 466, 471, 101 S. W. 1088.] This general statement must be accepted, however, subject to the qualification as to husband or wife testifying for or against each other, hereinafter mentioned. There is a proviso to section 6354, however, to which plaintiff's counsel cites us and we will look to it to ascertain if thereby these children of the decedent, Alexander Cooper, Sr., are rendered or declared incompetent. The pertinent portion of that proviso reads as follows:

"*Provided,* that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the *other* party to such contract or cause of action

shall not be admitted to testify either in his own favor or in favor of any party to the action, claiming under *him*, and no party to such suit or proceeding whose right of action or defense is derived to him from *one who is, or if living would be, subject to the foregoing disqualification*, shall be admitted to testify in his own favor, except as in this section is provided," etc. (The italics are our own.)

It will be observed that the only ones by this proviso disqualified to testify are, first, the other party to such contract or cause of action, and second, any party whose right of action or defense is derived to him from such other party.

In this case the only one of the original parties to the contract or cause of action in issue who is dead is defendant's intestate, Alexander Cooper, Sr. The other party is the plaintiff. She is the only one "who is, or, if living, would be subject to the foregoing disqualification." If there was any party to the suit whose right of action or defense was derived from her, the proviso would render such party incompetent to testify in his own favor; but there is no such party. The children of Alexander Cooper, Sr. derive from him, and not from plaintiff or from any one else who is, or if living, would be "subject to the foregoing disqualification." Plaintiff being alive, Alexander Cooper, Sr., if living, would not be disqualified, so the language of the statute would not disqualify his derivatees. It is suggested, however, that the plaintiff being by the proviso disqualified from testifying on account of the death of Alexander Cooper, Sr., the children of the decedent should also be held to be under the like disability, they being pecuniarily interested in the event. To this the answer may be given, that the statute has not so limited the competency of these children as witnesses, although it has restricted the evidence of the plaintiff. Our courts have gone far

in construing this proviso, seeking to discover and declare its true spirit, rather than its letter, but we have been referred to no case where they have boldly amended it by adding a new class of disqualified persons in order to avoid possible or fancied inequalities between parties, as we would have to do here in order to sustain plaintiff's contention. Courts do not sit for that purpose. It is their duty to construe the law, leaving its wisdom and sufficiency to the Legislature. Our conclusion is that the trial court was correct in holding the children of Alexander Cooper, Sr. to be competent witnesses in this case. This conclusion we find is sustained by the ruling of our Supreme Court in McKee v. Downing, 224 Mo. 115, 137, 138, 124 S. W. 7; and is in harmony with that of the Kansas City Court of Appeals in Smith v. Brinkley, 132 S. W. 301.

II. But the rule is different as to Frank Worsham, the husband of one of the children of decedent. At the common law a husband was incompetent as a witness in actions where his wife was a party, or when, though not a party to the record, she had a direct interest in the result of the litigation. [Greenleaf, Evidence (16 Ed.), sec. 341.] And the husband remains incompetent to testify except in so far as our statutes have removed the disqualification. [Oexner v. Loehr, 117 Mo. App. 698, 709, 93 S. W. 333.] It is sufficient for our purposes to say that the disqualification of the husband is not removed by the statutes in the circumstances of this case. This witness gave substantial testimony affecting the merits of this case and the court erred in admitting him to testify unless the objection to his competency was waived by being made too late. The general rule is, that the right to object to any witness as incompetent is waived unless the objection is taken at the first opportunity. [Ehrhardt v. Stevenson, 128 Mo. App. 476, 481, 106 S. W. 1118; Imboden v. Trust Co., 111 Mo. App. 220, 232, 86 S. W. 263; Rapalje's Law of Witnesses, sec. 173.]

The direct examination of this witness proceeded to the point of objection as follows:

"Frank Worsham, being sworn, testified as follows: Direct examination by Mr. Duvall:

"Q. Your name is Frank Worsham? A. Yes, sir.

"Q. You are the husband of Mrs. Worsham here in this case. A. Yes, sir.

"Q. You are a farmer? A. Yes, sir.

"Q. And you have been all your life? A. Yes, sir.

"Q. And have lived down there in Calumet township all your life? A. Yes, sir.

"Q. Were you present the day of the settlement had between Clay Smith, Mrs. Norvell, the plaintiff, at the time Smith bought the Fielder tract of land from Mrs. Norvell? A. Yes, sir.

"Q. Where was that? A. At my house.

"Q. Where was Uncle Alex living at that time? A. Living in our house.

"Q. And had been for years? A. No, sir, just a year at that time.

"Q. And continued to live with you from that time on until he went to Mrs. Norvell's here, about eight or nine months before he died? A. Yes.

"Q. Do you know what Smith paid for that tract of land? A. Yes, sir. Twenty-four hundred dollars ($2400).

"Q. It was forty acres at sixty dollars an acre? A. Yes, sir.

"Q. Now tell the jury what took place and how the settlement was made and what became of the money that Smith paid for the land?"

Mr. Ball: Hold on, let's see if this plaintiff was present and participated.

"Q. Mrs. Norvell was present? A. Yes, sir, right there. Clay Smith paid the money to Mr. Cooper, two thousand dollars and give a note for four hundred and

figured up what Mrs. Norvell, Mrs. Tillett at that time,
owed him.

"Q.  Owed who?  A.  Owed Mr. Cooper.  He held
a mortgage or deed of trust.

"Q.  What was the amount of money he loaned on
the Fiedler tract?  A.  Eleven hundred dollars ($1100).

"Q.  Go ahead and state the conversation that took
place there in this settlement when Mrs. Norvell was
there, and between her and her father?"

"Mr. Ball:  We object for the further reason this
witness is a son-in-law of Alexander Cooper, he is the
husband of a daughter of Mr. Cooper, and therefore in-
terested in the estate and is an incompetent witness.

"Objection overruled. To which ruling of the court,
the plaintiff then and there excepted and saved her ex-
ceptions."

It may be seen that the interest of the witness was
disclosed at the commencement of his examination, and
there is no claim that the plaintiff, at the time, labored
under any mistake in relation to the interest of the wit-
ness, which might have authorized the court, in the exer-
cise of its discretion, to relax the operation of the rule
to prevent injustice.  Indeed it appears from the later
testimony of this witness that he had testified at a former
trial, in which event if no objection was made the right
to object in the later trial to his competency was clearly
waived, and being once waived, could not be recalled.
[Imboden v. Trust Co., 111 Mo. App. 220, 86 S. W. 263.]
And if objection was made, then the plaintiff and her
counsel were very evidently apprised of this witness' in-
competency long before he was sworn at this trial.  Yet
we find that plaintiff's counsel permitted the witness to
make considerable progress in testifying and even inter-
posed an interruption upon another ground before in-
terposing any objection on the ground of incompetency.
To sustain the objection under these circumstances
would be to ignore the rule and allow parties to specu-
late upon the testimony, allowing the witness to con-

tinue while the testimony is not harmful and abruptly closing his mouth when the disclosures become painful or threaten to become so. It is well for counsel to understand that they must make the òbjection at the first opportunity or else be treated as waiving it. The action of the trial court in overruling this objection of plaintiff is sustained and the assignment of error overruled.

III. In her reply brief, for the first time, .the plaintiff, who is the appellant here, attempts to assign as error the action of the trial court in giving certain instructions. This assignment of error comes too late. It should have been made in appellant's original brief or in a supplemental brief filed by leave, so that respondent's counsel might have had an opportunity to answer it.

The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.