## OCTAVIA COLE, Respondent, v. WILLIAM H. WATERS, Administrator, Appellant.

**Springfield Court of Appeals, May 6, 1912. Motion to Modify Judgment Denied June 3, 1912.**

1. **WITNESSES: Administration: Witness Interested in Estate.** In an action against an estate of a deceased person on a claim for taking care of the deceased, the brother of deceased was *held* not disqualified as a witness, although he was interested in the estate of the deceased.

2. ————: **Interested Party Not Incompetent.** The common law rule that a person having a pecuniary interest directly involved in the matter in issue and on trial is incompetent as a witness, has been abolished absolutely by section 6354, Revised Statutes 1909.

3. **INSTRUCTIONS: Comments on Evidence.** It is not the province of the trial court to charge the jury in respect to matters of fact, nor to select out certain facts and tell the jury what weight shall be given them.

4. ————: ————: **Administration.** An instruction offered by defendant in an action on an account against the estate of a deceased person for taking care of and boarding the deceased is *held* erroneous as being a commentary on the evidence and that the court committed no error in refusing it.

5. **DEBTOR AND CREDITOR: Payment: Burden of Proof: Instructions: Administration.** In an action on account against the estate of a deceased person for taking care of and boarding the deceased where one of the defenses to the allowance of the claim is that of payment, the jury should be instructed that as to such defense the burden is upon the defendant and that unless he has shown by preponderance of the evidence such payment, the jury will find the issue as to payment for the plaintiff. The instruction given in this case is criticised as being misleading.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*Thomas & Hackney* and *Shannon & Phelps* for appellant.

(1) The common law rule that a person having a pecuniary interest directly involved in the matter in issue on trial, and is disqualified to testify as a witness, has been abolished absolutely and unconditionally by section 6354, Revised Statutes 1909. Norvell v. v. Cooper, 155 Mo. App. 445; McKee v. Downing, 224 Mo. 115; Smith v. Brinkley, 151 Mo. App. 498. (2) The instruction that the burden is upon the defendant to prove to the reasonable satisfaction of the jury by a preponderance of the evidence, the defense of payment for the service mentioned in plaintiff's demand and for which suit is brought, is erroneous because it is a direction without qualification that the burden was on defendant to prove payment of plaintiff's demand, and thereby assumes that plaintiff had proven her case. This proposition is so well settled that no extended citation of authority is necessary. Connor v. Ins. Co., 78 Mo. App. 131. Said instruction is inconsistent with the first instruction given at the request of the defendant and the two instructions taken together are confusing and misleading and for these reasons the judgment of the circuit court should be reversed. Wood v. Fleetwood, 19 Mo. 529; Casey v. Steinmeyer, 7 Mo. App. 556. (3) Plaintiff's entire evidence tended to show that whatever remuneration she was to get, in addition to what she evidently got during the time Allen Fox lived with her, for the services rendered to the said Allen Fox was to come as a gift or legacy. Such being the case the instruction requested by defendant should have been given.

18 Cyc. 409, 410; Kelley's Estate, 6 Pa. Dist. 685; Sayer's Estate, 8 Pa. Ct. 32; McGeever's Estate, 9 Kulp (Pa.), 399; In re Weaver, 182 Pa. St. 349, 38 Atl. 12.

*R. W. Shuck* and *R. M. Sheppard* for respondent.

(1) The witness Tillman Fox was not a competent witness, and the court did not commit error in refusing to permit him to testify. R. S. 1909, sec. 6345; Bishop v. Inv. Co., 229 Mo. 723. (2) The refusal to permit Fox to testify if he was a competent witness was not prejudicial and would not in any way have affected the verdict or judgment in this cause. R. S. 1909, sec. 2082; Redman v. Piersol, 39 Mo. App. 176; Bagnall v. Bank, 76 Mo. App. 127; Crapson v. Wallace Bros., 81 Mo. App. 683; Irwin v. Ins. Co., 24 Mo. App. 153; Gardner v. Railroad, 135 Mo. App. 100. (3) One of the defenses interposed in this case was payment. The defense of payment is an affirmative defense, the burden of proving or establishing this defense is upon the party asserting it. Ferguson v. Dalton, 158 Mo. 323; Elliott on Evidence, sec. 2576; Christian v. McDermott, Est., 123 Mo. App. 448; Jennings v. Roberts, 130 Mo. App. 493; Bahrenburg v. Fruit Co., 128 Mo. App. 526; Trimble v. Moore, 125 Mo. App. 601. (4) In the case at bar, the evidence clearly shows that the deceased intended to pay plaintiff for her services, that he stated on several different occasions while they lived at Neck City and while they lived in Oklahoma, that the plaintiff would be well paid for her services. West v. Bryson, 99 Mo. 690; Hayden v. Parsons, 70 Mo. App. 497; McQueen v. Wilson, 51 Mo. App. 141; Ireland v. Spickard, 95 Mo. App. 62; Kostuba v. Miller, 137 Mo. 161; Sprague v. Sea, 152 Mo. 332; Bryan v. Harper, 167 Mo. 342.

NIXON, P. J.—Plaintiff, on May 1, 1911, filed in the probate court of Jasper county an account against the estate of Allen Fox, deceased, for taking care of, boarding, and washing for, deceased, from June 1, 1904, until July 1, 1909, being for five years and one month, at twenty-five dollars per month, amounting to $1525, with interest at six per cent from July 1, 1909, having the usual affidavit attached thereto. The case was tried in the probate court and there was a finding for the defendant from which the plaintiff duly appealed to Division Number One of the circuit court of Jasper county. The case was then tried during the November term and judgment rendered on December 4, 1911, in favor of the plaintiff for $1578.38, and the case is here on defendant's appeal.

The plaintiff offered evidence tending to show that Allen Fox lived at plaintiff's house and that he was boarded and lodged and his washing done by the plaintiff from about June 1, 1904, until July 1, 1909, being for a period of five years and one month; that Allen Fox was about sixty years of age and in his second childhood; that he was in bad health and had a running sore in his ear. There was evidence that when Allen Fox first came to plaintiff's house to live she had gone to the woods and the whole family was away, and when they reached home they found him there; that he had climed in the window and left his personal belongings, and that he came out in the yard and said, "Mamma, I come to stay until I die." He said, "Mamma, you will get paid for this." He made this statement a good many times. He was never seen to have any money in his possession, only what change he had in his pockets all the time. Virgie Cole for plaintiff also testified: "He never paid my mother anything that I know of. He said his money was in the bank and could not get it; he said Tillman had the check book. Tillman was his brother." She also testified that she knew of Allen Fox going to see Tillman

Fox. "I think I heard him say he went to see if he could get some money; sometimes he would say he would get some, and sometimes he would say Tillman would not let him have it. I have heard him speak about being there several times; don't know exactly how many." The evidence tended to show that board and lodging and washing in the neighborhood where plaintiff lived at the time deceased lived at her home was reasonably worth six dollars a week.

It was shown on behalf of the defendant that the deceased, Allen Fox, had from ten to twelve thousand dollars loaned out and in the bank at Neck City or Alba, and therefore had ample means to pay for his board and lodging and washing. Jerry Smith testified for the defendant as follows: "I had some conversation with Mrs. Cole about compensating her for caring for Mr. Fox. This was when Mr. Fox was living at plaintiff's house in Oklahoma and was coming back to Missouri. I gave Mrs. Cole ten dollars after we started from Cookson, and told her that I would give her that for her trouble in taking us to town. I told her I didn't know whether she had been paid for her trouble for keeping him or not, or words to that effect, and she said he didn't owe her anything. She told me that when I gave her the money. She said Mr. Fox didn't owe her anything." This witness further testified that after Allen Fox came with him to Missouri said Fox lived with him at his home near Alba or Neck City for about eighteen months, and that his work about the place and the house was ample to pay for his lodging and board and washing. Defendant offered Tillman Fox as a witness in his behalf, who testified as follows: "I live near Neck City. I am a brother of Allen Fox, deceased. Allen Fox lacked three days of being sixty-six years of age when he died. His physical condition during all the time he lived with Mrs. Cole was good enough. He chopped wood and worked in the blacksmith shop all

the time." The record then recites: "Here Mr. Sheppard interposed: 'I would like to ask this witness a question. You are a brother of the deceased, Allen Fox?' A. 'Yes, sir.' Q. 'He left no will?' A. 'No, sir.' Q. 'He was a single man?' A. 'A single man.' Q. 'Left no children surviving?' A. 'No, sir.' Mr. Sheppard: 'Now, we object to this witness testifying for the reason that he is not a competent witness.' The Court: 'I will sustain the objection.' Mr. Shannon: 'We except and we offer to prove by this witness that his brother, Allen Fox, deceased, was sound mentally, but that on account of the fact that he had an impediment in his speech and was hard of hearing and was not able to read and write, that the management of his business pertaining to the estate of the deceased Allen Fox before his death was transacted by this witness, Tillman Fox, and that that fact was known to Mrs. Cole, and that subsequently to the time Allen Fox lived with the plaintiff, he lived for eighteen months in the vicinity of where the witness lived, and that during that time the plaintiff never made any demand on Tillman Fox for the payment of this claim, or intimated that she had any claim against Allen Fox for or on account of caring for him, boarding him, or washing for him; and the defendant further offers to prove by this witness that during the time Allen Fox lived at Mrs. Cole's at Neck City, Missouri, his physical condition was such that he was able to perform considerable manual labor, enough to be the equivalent of the board and lodging and washing and other services rendered by the plaintiff. We further offer to prove by this witness that he furnished Allen Fox all the money that was required and demanded by Allen Fox for the purpose of paying his living expenses amounting to at least two hundred or three hundred dollars a year.' "

It will be seen that at the trial when Tillman Fox was offered as a witness, the respondent, after show-

ing that the deceased left no will and was a single man and had no children surviving him, objected to the witness testifying for the reason that he was not competent, which objection was sustained by the court. Tillman Fox was competent as a witness to prove any fact within his knowledge. The common law rule that a person having a pecuniary interest directly involved in the matter in issue and on trial is disqualified as a witness has been abolished absolutely and unconditionally by section 6354, Revised Statutes 1909, which provides: ''No person shall be disqualified as a witness in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same as a party or otherwise, but such interest may be shown for the purpose of affecting his credibility; *Provided,* that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor, except as in this section is provided, . . . .'' It is claimed that the witness Tillman Fox was disqualified under the latter part of this section from testifying. Tillman Fox was not disqualified as a witness although he was interested in the estate of the deceased. The words of the latter part of that statute disqualify those ''whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification,'' and not those who claim through the deceased. [McKee v. Downing, 224 Mo. 115, 124 S. W. 7; Norvell v. Cooper, 155 Mo. App. 445, 134 S. W. 1095.] The evidence offered by the plaintiff tended to show that the

deceased did not have sufficient money to pay her anything on her account for his board and washing; that the money that he received from the renting of his blacksmith shop (about eight dollars a month) and other small amounts were hardly sufficient to pay for the clothes that he had purchased and the expenses of his attendance at circuses and picture shows which he went to and for medicine and medical treatment he had paid for when ill. The plaintiff's evidence was to the effect that he had ample means in his brother Tillman's possession amounting to eight or ten thousand dollars, and that deceased had often applied to him for money and been refused. The purpose of this evidence was to show that when the income and expenses of the deceased were considered he could not have had anything left with which to pay the plaintiff for her services. The defendant offered to prove by Tillman Fox that Allen Fox had all the money that was required or demanded by him for the purpose of paying his living expenses amounting to two or three hundred dollars a year. We think, considering the fact that the plaintiff and the deceased, the principal contracting parties, were disqualified from testifying, and from the facts and circumstances introduced by the plaintiff, that the evidence of this witness was competent. It will be seen that the plaintiff according to her own showing never made any claim for a period of five years for payment upon Tillman Fox, the brother of the deceased, for her services in caring for, boarding, lodging, and washing for the deceased, although she knew the deceased had a large amount of money in the hands of his brother.

The appellant complains because the trial court refused to give the following instruction:

"The jury are instructed that if they find and believe from the evidence that the plaintiff never made any claim or demand for payment for and on account of taking care of, boarding, and washing for, Allen

Fox, deceased, during his lifetime, then she cannot recover in this case, unless she has clearly and distinctly established a contract between her and the said Allen Fox, showing an intention on the part of the said Allen Fox to pay for said services, board and washing, and an intention on the part of the plaintiff to charge and receive pay for said services, board and washing; and you are further instructed that a failure on plaintiff's part to make claim for or demand payment during the life of the said Allen Fox for and on account of taking care of, boarding and washing for him, if she did fail to make such claim or demand, raises a presumption that he, the said Allen Fox, paid for said services in taking care of, boarding and washing for him, if there was a contract between him and her that he should do so."

We think this was a commentary on the evidence and the court committed no error in refusing it. It is not the province of the court to charge the jury in respect to matters of fact nor to select out certain facts and tell the jury what weight shall be given them. We think the court in giving the following instruction on the same subject left no just ground for appellant to complain: "The jury are instructed that if you find from the evidence that the plaintiff never demanded payment during the lifetime of Allen Fox for the services claimed to have been rendered by her in caring for, boarding and washing for him, that it must be presumed from such fact that the said Allen Fox had paid for his services, and that before you can find for the plaintiff under such circumstances, you must believe and find from the evidence that Allen Fox did not pay her for such services."

Complaint is also made by the appellant of the following instruction: "The court instructs the jury that the burden is upon the defendant to prove to the reasonable satisfaction of the jury by a preponderance of the evidence the defense of payment for the services

mentioned in plaintiff's demand and for which suit is brought. And if the defendant has failed to so prove to the reasonable satisfaction of the jury, they should not find against plaintiff on that account.'' We think this instruction might be misleading and that upon retrial the court should instruct the jury in few words and plain terms that one of the defenses to the allowance of the claim is that of payment and that as to such defense the burden is upon the defendant, and that unless he has shown by a preponderance of the evidence such payment the jury will find the issue as to payment for the plaintiff.

It follows from what has been said that the judgment should be reversed and the. cause remanded for a new trial, and it is so ordered. All concur.