MATHILDE ERDMANN, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals.    Argued and Submitted March 6, 1913.    Opinion Filed April 8, 1913.

1. CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger in Collision: Res Ipsa Loquitur: Instructions.  In an action against a street railway company for injuries sustained by a passenger in a collision between two cars, an allegation in the petition, that the injuries were caused through the negligence of the agents, servants, and employees of the defendant in charge of the street cars, was a general charge of negligence, rendering the doctrine of *res ipsa loquitur* available, and hence an instruction, that, if there was a collision between two street cars of the defendant, there was a presumption of negligence and the burden of proof was cast upon the defendant, was not vulnerable to the objection that it failed to limit a recovery to the negligence charged in the petition.

2. APPELLATE PRACTICE: Assignments of Error: Reply Brief. Except in a very special case, the appellate court will not notice points in appellant's reply brief, of which no mention is made in his original brief.

Appeal from St. Louis City Circuit Court.—*Hon. Leo S. Rassieur,* Judge.

AFFIRMED.

*Boyle & Priest* and *Paul U. Farley* for appellant.

Plaintiff's first instruction is erroneous for the reason that it authorized the jury to return a verdict

for plaintiff, if they found there was any negligenc upon the part of defendant instead of limiting them to the negligence counted on in the petition, thus being broader than the petition and authorizing a finding upon issues not presented by the pleadings. Beave v. Transit Co., 212 Mo. 333; Wolfe v. Supreme Lodge, 160 Mo. 675; Abbott v. Railroad, 83 Mo. 271-278; Price v. Railroad, 72 Mo. 419.

*C. J. Anderson* for respondent.

(1) The instruction is no broader than the allegations of the petition, and correctly states the law of the case. Price v. Street Railway, 220 Mo. 435; Loftus v. Street Railway, 220 Mo. 470. (2) Even if this court should find that the instruction is broader than the allegation of negligence in the petition, yet the court should not reverse the judgment because the alleged error does not materially affect the merits of the action. Sec. 2082, R. S. 1909. Schuepback v. Gas Light Co., 232 Mo. 603; Foster v. Railroad, 115 Mo. 165; Bishop v. Investment Co., 229 Mo. 699.

REYNOLDS, P. J.—This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff while a passenger on a westbound Olive street car by reason of a collision between that car and a south bound Cherokee car, both cars operated by the defendant, at the intersection of two streets in the city of St. Louis.

It is charged in the petition that the injuries sustained by plaintiff "were caused directly by and through the carelessness and negligence of the agents, servants, and employees of the defendant in charge of the said street cars," in permitting the Olive street car on which plaintiff was a passenger to strike and collide with the Cherokee car.

The answer was a general denial.

At a trial before the court and jury a verdict was returned in favor of plaintiff in the sum of $1750.

Judgment followed accordingly, from which defendant, interposing a motion for new trial as well as one in arrest and saving exception to these being overruled, has duly perfected its appeal to this court.

The only error assigned is to the giving of an instruction in behalf of the plaintiff, which instruction is as follows:

"The court instructs the jury that if you believe and find from the evidence that the plaintiff was a passenger upon the street car of defendant at the time she claims to have been injured, then having received plaintiff upon board of such street car, the due obligation of the defendant to plaintiff was to use the highest degree of care practicable among prudent, skillful and experienced men in that same kind of business, to carry her safely, and a failure of the defendant (if you believe there was such a failure) to use such highest degree of care would constitute negligence on its part; and defendant would be responsible for all injuries resulting to plaintiff, if any, from such negligence, if any. And if you believe from the evidence that there was a collision between two street cars of defendant on one of which plaintiff was a passenger (if you believe she was a passenger thereon), the presumption is that it was occasioned by the negligence of the defendant, and the burden of proof is cast upon the defendant to rebut this presumption of negligence and establish the fact that there was no negligence on its part, and that the injury, if any, was occasioned by inevitable accident, or by some cause which such highest degree of care could not have avoided."

It is argued by the learned counsel for the appellant that this instruction is erroneous in that it authorizes the jury to return a verdict for plaintiff if they found there was any negligence upon the part of the defendant instead of limiting them to the negligence counted on in the petition, thus making the instruction, as it is claimed, broader than the petition and author-

izing a finding upon issues not presented by the pleadings.

The point of this objection is that in the petition it is averred that the injury was caused by and through the carelessness and negligence "of the agents, servants and employees of defendant in charge of the said street cars," in permitting, etc., while the instruction, not confining the inquiry to the acts of the agents, servants and employees of the defendant in charge of the cars, places it upon failure "of the defendant," by the negligence "of the defendant." That is, it is claimed that by the use of this word, "defendant," instead of confining it to the acts of "the agents, servants and employees of the defendant in charge of said street cars," the issue is enlarged, and authorizes a finding upon any acts of the defendant, for instance, that the instruction allows recovery for acts of the defendant which might have happened at its power house; in turning on the current, or the like.

We are unable to concede that this view is correct. The proposition here presented by the learned counsel for the appellant is practically the converse of the proposition presented to us in the case of Nagel v. United Rys. Co. of St. Louis, 169 Mo. App. 284, 152 S. W. 621. In that case a general charge of negligence was laid against defendant's servants operating the street car in such manner as to occasion the collision. The jury were instructed that if they found from the evidence that "defendant's servants in charge of said car negligently caused or suffered said car to be collided with" by the engine mentioned in the evidence, and that thereby the plaintiff sustained the injuries mentioned in the evidence, plaintiff was entitled to recover. It was argued that the petition charged specific negligence against the defendant and for that reason the doctrine of *res ipsa loquitur* was not available in the case and that it devolved upon plaintiff to prove some specific negligent act on the part of defendant or its servants and it

was for the jury to find the negligent act thus pleaded and proved; that the petition, in averring that the defendant's servants in charge of the car were those upon whom carelessness was charged, had singled out the particular ones of the defendant's servants. The averment, said our court, includes all of the servants in charge of the car, and was not an averment of specific negligence, "and as a corporation can act only through its servants, it is general in character in so far as the operation of the car is concerned;" that the allegation against the servants of the defendant could not be restricted to any particular servant, but on the contrary was general in character, equally so if it had charged defendant with so running its cars as to cause the collision. The conclusion was that the petition laid a general charge against the defendant with respect to those operating the car on which plaintiff was a passenger and that the presumption of negligence was available in the case. We think that that same rule applies here. When the plaintiff charged that the accident occurred "through the carelessness and negligence of the agents, servants and employees of the defendant," in charge of the car, it was tantamount to a charge that the accident was caused through the carelessness and negligence of the defendant, for as said in the Nagel case, a corporation can act only through its agents and employees.

Without discussing this question any further, it is sufficient to refer to the very thorough discussion of it by Judge NORTONI in the Nagel case, supra. Here, as there, the defendant produced no evidence tending to relieve itself of the charge of actionable negligence, nor was there any pretense that the accident occurred through any cause other than the collision of the cars. A prima facie case of negligence was made and not disputed.

We may add that on the authority of Malloy v. St. Louis & Sub. Ry. Co., 173 Mo. 75, l. c. 82, 73 S. W. 159,

"the charge in this case is just as broad and general as if it had been that the defendant was negligent in so running its trains as to cause a collision."

In the reply brief filed with us, counsel for appellant for the first time attempt to make a point upon the remarks of counsel for respondent in his argument before the jury. This is a practice we cannot recognize. We decline, unless in a very special case, to notice points of which no mention is made in the original brief and argument, and which are raised for the first time in a reply brief. [See Lemser v. St. Joe Furniture Mfg. Co., 70 Mo. App. 209, l. c. 220; Kansas City ex rel. v. Walsh, 88 Mo. App. 271, l. c. 276, and cases there cited; Norvell v. Cooper, 155 Mo. App. 445, l. c. 453, 134 S. W. 1095; Ridenour v. Wilcox Mines Co., 164 Mo. App. 576, l. c. 598, *et seq.*, and cases there cited, 147 S. W. 852.]

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.*, concur.