LIZZIE GRAY, Respondent, v. J. WALTER DOUBI-
KIN, Appellant.

Kansas City Court of Appeals, May 4, 1914.

1. **ADMINISTRATION: Concealment of Assets: Verdict: Com-
promise.** In a trial of interrogatories propounded to an ad-
ministrator charging him with having embezzled or concealed
property belonging to the estate, where his answer claims the
property as a gift from the deceased, the verdict should be
for or against him and an attempted compromise by the jury
by giving him one half the property when the evidence showed
he owned all of it, or none, cannot be sustained.

2. **————: ————: Judgment: Inventory: Appraisement.** On
trial of interrogatories charging an administrator with con-
cealing or embezzling property of the estate and his answer
makes claim to the property as a gift from the deceased, if the
finding is against him, there is no authority for a judgment
that the property belongs to the complainant. The judgment
should be that it is property of the estate and it should direct
the administrator to inventory it and have it appraised.

Appeal from Miller Circuit Court.—*Hon. J. G. Slate,*
Judge.

REVERSED AND REMANDED.

*W. S. Stillwell* and *W. S. Pope* for appellant.

*Sid C. Roach* and *B. Reed* for respondent.

ELLISON, P. J.—Defendant is administrator of
his deceased father's estate and plaintiff is defendant's
sister and one of several heirs of deceased's estate.
The deceased owned ten shares of stock in the Farmers
and Traders Bank of Iberia, for which he held two cer-
tificates for five shares each. He was sorely afflicted
and had determined to go to St. Louis for the purpose
of having an operation performed by surgeons. He
thought probably he would die before his return and

assigned to defendant the two certificates of stock; and, perhaps the next day, went to St. Louis where he died within two or three days after his arrival.

Defendant claims the certificates were a gift *causa mortis*, and that upon his father's death he became the owner. The complainant claims that the certificates were merely assigned to defendant to "look after" while deceased was absent in St. Louis and if he died while there, to be divided among the heirs with other personalty.

Defendant, as administrator, did not inventory the certificates as a part of the estate and this proceeding was begun in the probate court of Miller county under the statute (Sec. 74, R. S. 1909) to compel him to inventory the certificates and cause them to be appraised as property of the estate. After a trial in the circuit court on appeal from the probate court by the defendant administrator, the following verdict was returned and the following judgment entered thereon:

"Now comes the jury and returns into open court the following verdict to-wit: 'We, the jury, find the issues for the complainant that complainant have judgment for five shares of the bank stock described in the suit; and that the defendant is the owner of five shares of the stock and that the defendant pay the cost of this suit.

" 'E. A. BECKER, Foreman.'

"Whereupon it is considered, ordered and adjudged by the court that the complainant herein have five (5) shares of the bank stock described in this suit and that defendant have five (5) shares of said stock and that the costs of this suit be taxed to defendant and that execution issue therefor."

The verdict was not justified by the evidence and the judgment is not justified by the law. Under the interrogatories, the answers thereto by defendant, considered with the other evidence, the verdict should

179 App. 16

have found in favor of defendant for both certificates, or against him for both, according as the jury, after hearing the evidence, may have disbelieved or believed such evidence when considered in connection with his answer to the interrogatories. The judgment gave one of the certificates to the complainant, who was only one of several heirs entitled to the estate. There was no authority for this. Under the statute (Sec. 74, R. S. 1909), if the finding is against the administrator the judgment should be that he is not entitled to the property claimed by him; that it was the property of the estate, and should direct him to inventory it and to cause it to be appraised and held and accounted for by him as administrator.

The judgment is reversed and the cause remanded. All concur.