LIZZIE A. GRAY, Respondent, v. J. W. DOUBIKIN, Appellant.

Kansas City Court of Appeals, May 3, 1915.

1. **EXECUTORS AND ADMINISTRATORS: Gifts: Inventory.** The owner of certain certificates of stock of a bank, about to undergo a surgical operation, assigned the certificates to his son, but did not deliver them to him.  The owner died from the operation and the son, who was appointed administrator of the estate, failed to inventory the stock and a proceeding to compel him to do so was commenced in the probate court under Sec. 74, R. S. 1909.  Upon an appeal to the circuit court, the jury returned a verdict in favor of the estate.  It was *held* that as the son was unable to show a delivery of the certificates he failed in his proof and the court was justified in directing the jury to return the verdict they did return.

2. **WITNESSES: Disqualification: Interest in Result of Suit.** By Sec. 6364, R. S. 1909, the common-law disqualification of wit-

nesses, based on their pecuniary interest in the result of the suit, have been removed.

3. **GIFTS: Inter Vivos or Causa Mortis.** An assignment and delivery of stock certificates with the expressed intention on the part of the assignor to bestow them upon the assignee, either as *inter vivos* or *causa mortis* is sufficient to complete the gift and to transfer the title to such certificates.

Appeal from Miller Circuit Court.—*Hon. J. G. Slate,* Judge.

AFFIRMED.

*W. S. Stillwell* and *Pope & Lohman* for appellant.

(1) The court erred in allowing Emma Doubikin to give testimony, she being an interested party, and erred in allowing her to give testimony as to statements made by her father in regard to the bank stock in dispute. Statements made by deceased to disinterested third parties were inadmissible. Ray v. Loper, 65 Mo. 470; Nelson v. Nelson, 90 Mo. 460; Meier v. Thieman, 90 Mo. 433; Blazt v. Lester, 54 Mo. App. 233; Hoehn v. Struettmann, 71 Mo. App. 121; Bagnell v. Bank, 76 Mo. App. 121; Cleveland v. Coulson, 99 Mo. App. 468; R. S. 1909, sec. 6364. (2) The court erred in not instructing the jury to find for defendant at the close of the testimony. Defendant, upon whom the burden was cast, made a complete case for himself, and there was no competent testimony before the court to dispute the assignment or delivery. Lee v. David, 11 Mo. 114; Anthony v. Kennard Bldg. Co., 188 Mo. 704; Furber v. K. C. B. & N. Co., 185 Mo. 301; Holmes v. Railroad, 190 Mo. 98; Milliken v. Thyson Com. Co., 202 Mo. 37; Cornovski v. St. L. T. Co., 207 Mo. 263; Poindexter v. McDowell, 10 Mo. App. 233; Badger Lumber Co. v. Muehlebach, 109 Mo. App. 646; Holden v. M. R. Co., 108 Mo. App. 665; Dow v. Railroad, 116 Mo. App. 555; Warner v. Modern Woodman, 119 Mo. App. 222; Kennedy v. Railroad, 128 Mo. App. 297.

(3) The court erred in not giving "Instruction 1" as asked by defendant, and erred in amending the same and giving it as amended. Kelly's Probate Guide (4 Ed.), sec. 203; Blatz v. Lester, 54 Mo. App. 283; Hoehn v. Struttman, 71 Mo. App. 399; Crowley v. Crowley, 131 Mo. App. 178; Meade v. Robertson, 131 Mo. App. 185.

*Barney Reed, Sid C. Roach* and *A. I. Lodge* for respondent.

(1) The claim by defendant that Thomas Doubikin gave him the bank stock, or any part thereof, is not supported by the evidence, and the testimony of this alleged gift is not sufficient in that it does not anywhere show that the gift contained the essential elements necessary to constitute a gift either absolute or a gift *causa mortis.* Foley v. Harrison, 233 Mo. 460. (2) This being a proceeding against an administrator to discover assets, and the defendant admitting possession of the property alleged to be withheld by him from the estate, but claiming that it was a gift to him, the burden was on him to establish such gift. Tygard v. Falor, 163 Mo. 234. (3) The common-law rule that a person directly involved in the matter at issue is incompetent as a witness has been abolished absolutely by section 6354, R. S. Mo. 1909. Norvell v. Cooper, 155 Mo. App. 445. (4) The finding of the trial court and the verdict of the jury will not be disturbed if there is substantial evidence to support it, and the appellate court in such case will not weigh the evidence. Hamilton v. Boggess, 63 Mo. 233, 252; Golden v. Tyler, 108 Mo. 196, 203; Nappach v. Oregon R. Co., 7 Ann. Cases 1035; Bruner v. Sellbach Hotel Co., 19 Ann. Cases 217. (5) The testimony of Emma Doubikin, offered and admitted in behalf of complainant, is and was competent, and it is immaterial in this case whether or not defendant was present at time of con-

versation to which witness testified as having with her father. R. S. Mo. 1909, sec. 6354; Norvell v. Cooper, 155 Mo. App. 445; Cole v. Waters, 164 Mo. App. 567; McKee v. Downing, 224 Mo. 115. (6) And furthermore, the statements made by deceased to Emma Doubikin would at least be competent to be considered in determining whether the act of assigning the bank stock amounted to a gift of the same. Greenleaf on Evidence (16 Ed.), pp. 189 and 190; Brooks v. Dugan, 149 Mass. 306.

JOHNSON, J.—Plaintiff began this suit in the probate court of Miller county under section 74, Revised Statutes 1909, against the administrator of her father's estate to compel him to inventory ten shares of the capital stock of the Farmers & Traders Bank of Iberia as property of the estate. In answer to the interrogatories defendant, who is the brother of plaintiff, stated, in substance, that the stock which was evidenced by two certificates for five shares each belonged to him as a gift from his father. A trial in the circuit court, to which the cause was appealed, resulted in a judgment awarding half the stock to plaintiff and the other half to defendant. We reversed that judgment and remanded the cause on the ground that the only issue presented by the pleadings and evidence was whether the stock in its entirety was the property of defendant, in virtue of the alleged gift, or belonged to the estate and should be included in the inventory thereof. [179 Mo. App. 240.]

The second trial ended in a verdict and judgment which decided this issue in favor of the estate and defendant appealed.

Thomas Doubikin died intestate in a hospital in St. Louis shortly after undergoing a surgical operation and was survived by his widow, defendant (his only son), and five daughters. On the day before his departure from his home in Iberia for St. Louis and in

fear that the operation might result in his immediate death, he assigned the certificates in question to defendant. The cashier of the bank, introduced as a witness by defendant, testified that in response to a request from Mr. Doubikin, he visited him at his home on that day and was asked how the stock might be transferred to defendant in a way that would enable him to reclaim it if he survived the operation. Nothing was said at this interview about the disposition defendant should make of the stock if Mr. Doubikin did not survive the operation. The cashier suggested making the assignment in pencil and explained that if made in ink it would be possible for defendant to procure new certificates issued to himself and thereby prevent Doubikin from reclaiming the stock if he survived the operation.

Defendant was not allowed to testify, being disqualified as a witness, and there is no evidence of a delivery of the certificates to him by his father and no fact from which such delivery might be inferred, unless the fact that defendant had possession of the certificates on the day of his father's funeral be regarded as such evidence. An unmarried daughter of Doubikin who lived with her parents testified that her father kept the certificates and other valuable papers at home in a box and that on the day before he went to St. Louis he had her bring the box to him and then, in a short time, had her return it to the place from which she had brought it and that he said to her: "I have signed the bank stock over to Walter to see after until I get back," and further said that if he did not survive the operation, he wished the stock divided among his children. There are facts and circumstances referred to in the testimony of this witness from which it might be inferred that defendant secretly procured the certificates from the box after the death of his father.

Defendant argues that this witness should not have been allowed to testify because of her interest in the case, but the provisions of section 6364, Revised Statutes 1909, as construed in recent decisions in this State, have removed the common-law disqualification based on the pecuniary interest of the person offered as a witness in the result of the suit. [Weiermueller v. Scullin, 203 Mo. 466; Norvell v. Cooper, 155 Mo. App. 445; Cole v. Waters, 164 Mo. App. 567; McKee v. Downing, 224 Mo. 115.] As is said in the case first cited, the statute (section 6354) "means just what it says that 'no person shall be disqualified as a witness in any civil suit or proceeding at law or in equity by reason of his interest' in the result of the suit. The plain grammatical construction and clear meaning of the provision is that in all civil cases interest does not disqualify anyone from testifying as a witness therein."

In a proceeding under the statute (sec. 74, R. S. 1909) against an administrator for withholding assets when the defendant admits having received the property but claims it as a gift from his intestate, either *inter vivos* or *causa mortis,* the burden is upon him to establish such fact. [Tygard v. Falor, 163 Mo. 234.] The most that may be drawn from the evidence in favor of defendant is that his father indorsed an assignment of the stock to him on the backs of the certificates, but there is no sufficient proof of a delivery of the certificates by his father to him. It may be conceded that an assignment and delivery of the certificates with the expressed intention on the part of the assignor to bestow them upon the assignee, either as a gift *inter vivos* or *causa mortis,* would have been sufficient to complete such gift and to transfer the title to the shares to the assignee, but without such delivery the gift could not be completed. [Foley v. Harrison, 233 Mo. 460; Godard v. Conrad, 125 Mo. App. 165.]

If Doubikin, after indorsing the assignments returned the certificates to the box and did not deliver them to defendant, there was no gift *inter vivos* or *causa mortis*.

The testimony of defendant's witnesses is found not to support the view that the certificates were delivered or that a delivery was contemplated by Doubikin. From all the evidence it appears to have been his idea to keep them in his own possession as long as he lived, but to indorse an assignment upon them in order that if he should die his son might take them and handle them as the owner of the legal title. Whether his purpose was to give them to his son for the latter's sole benefit or as the trustee for all his children is immaterial now. If he intended to make a gift, either *inter vivos* or *causa mortis,* he did not do it, but died with the title to the shares still vested in himself. In not being able to show a delivery of the certificates, defendant failed in his proof and the court would have been justified in directing the jury to return the verdict they did return. In that view of the case it will not be necessary to discuss alleged errors relating to the instructions. The judgment is affirmed.

All concur.