Roy H. Wisman, Respondent, v. Hazel Dell Farmers Mutual Fire & Lightning Insurance Co., Appellant.—94 S. W. (2d) 908.

Kansas City Court of Appeals.   April 6, 1936.

*Pendleton & Martin* for respondent.

*Embry & Embry* for appellant.

BLAND, J.—This is a suit on a fire insurance policy. The case was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiff in the sum of $1200. Defendant has appealed.

The trial was had upon an agreed statement of facts, which shows that on January 1, 1931, defendants, a farmers mutual insurance company, issued to one, Williams, its policy of insurance which, among other things, insured his dwelling house for $1200 against loss by fire. The policy was to remain in force for five years after date provided that Williams should so long continue his membership in the company.

On March 7, 1932, Williams presented his policy to the secretary of the defendant company, who appended thereto a loss payable or mortgage clause reading as follows:

"Loss or damage under this policy, if any, shall be payable to the State Savings Loan & Trust Company, Quincy, Ill., beneficiary, or its assigns, as its interests may appear at time of loss. This insurance company agrees to give the mortgagee ten days written notice before cancellation of this policy.

"Date 3-7-1932                    E. R. LEHMAN, Secretary."

After the issuance of the mortgage clause The State Savings Loan & Trust Company assigned the note secured by the deed of trust that it held upon the property of the plaintiff, who is a resident of the State of Illinois. The agreed statement of facts recites that this assignment was "without notice to the defendant."

The agreed statement of facts further recites that there was no consideration for the executing of the mortgage clause "unless payment of the subsequent assessments, that is, assessments subsequent to the appending of that clause to the policy, and prior to the time he defaulted on his assessments, or unless the obligation, if any, of E. A. Williams to pay subsequent assessments on the policy, constituted consideration."

The policy provided for periodical payments of assessments by the members of the defendant; that notice of such assessment should be given by the treasurer on printed cards to be mailed to the member at his last known post office address requesting that the asssessment be paid within fifteen days from the date of the cards; that if any member did not pay he should be notified the second time by the treasurer and if "satisfaction was not received within ten days from

date of the second notice, the executive board should suspend the insurance of the member and the company be released from liability during the time of the suspension.

The facts show that the insurance of the member, Williams, was duly suspended, under the provisions of defendant's constitution, on January 25, 1934, for the non-payment of an assessment levied on November 1, 1933. The facts further show that he had paid all of the assessments prior to that one. No notice of the suspension or cancellation of the policy was given to the Savings Loan & Trust Company or to plaintiff.

On February 9, 1934, the dwelling house, at that time valued at $1200, was totally destroyed by fire. There is now due upon the mortgage a sum in excess of the amount of the policy.

Defendant insists that the petition did not state facts sufficient to constitute a cause of action because "(A) Plaintiff's right of recovery depended on compliance with conditions precedent set forth in the policy of insurance. The petition contains no allegation that any one had complied with the conditions precedent and alleges no excuse for non-compliance. Compliance with conditions precedent must be pleaded or an excuse must be given for non-compliance to make the pleadings good. . . . (B) The petition states two contracts with reference to the insurance in question, alleging that the defendant made a contract with one Williams and afterwards modified the contract with Williams and made contract with Williams and the plaintiff. Plaintiff must recover, if at all, on the modified contract. The modified contract is not sufficiently pleaded. . . (C) Plaintiff attempts to supply the necessary allegations lacking in the petition by allegations of his reply. The plaintiff must recover, if at all, upon the allegations of his petition and not upon the allegations of his reply. . . . (D) The petition does not state facts sufficient to constitute a cause of action."

Nowhere in the brief is it pointed out what conditions precedent there were that plaintiff was required to comply with that did not allege that he had done so and it is not pointed out in what respect the modified contract was not sufficiently pleaded, nor in what respect the petition did not state facts sufficient to constitute a cause of action. The whole burden of searching the record to discover, if possible, in what particulars the petition is insufficient, is placed upon this court. The insurance policy includes the constitution of the defendant and covers many pages of the printed record. The burden is not upon the court to read this policy and determine what conditions precedent there are that plaintiff was required to comply with and attempt to say, without their specifically being pointed out by the defendant, which ones should have been pleaded in the petition, and why, as having been complied with by him.

It is well established that where the points relied upon are not properly developed anywhere in the brief, they will not be considered by the appellate court. [Artz v. Bannan, 71 S. W. (2d) 795; Mason v. Wilks, 228 S. W. 963; Scott v. Mo. Pac. R. R. Co., 62 S. W. (2d) 834; Seewald v. Gentry, 286 S. W. 445; Hunt v. Hunt, 270 S. W. 365; State v. Whitsett, 232 Mo. 511.]

It is insisted that the court erred in admitting evidence of the mortgage clause, for the reason that there was no consideration given to the defendant for it. It is well established that the consideration for the issuance of the insurance to the owner of the property is also a consideration for the promise to the mortgagee. [5 Couch on Ins., p. 4436; Funk v. Shawnee Fire Ins. Co., 108 Pac. 832.]

However it is pointed out that the mortgage clause was not inserted at the time the policy was written but long afterwards. In this connection it is said that the assessments paid by Williams, after the mortgage clause was executed, are the same ones which he paid or should have paid under his contract of insurance, even though the mortgage clause had never been appended to the policy, and that the assessments which he was obligated to pay were the same assessments which he would have been required to pay if the mortgage clause had not been executed. A contention of this kind would be just as reasonable had the mortgage clause been inserted at the time the policy was written. There is no merit in the point made. [13 C. J. 362.] Under the terms of the policy, and the laws of the defendant, Willams was not compelled to continue his assessments or the policy. It is reasonable to suppose that Williams would not have continued paying them had the defendant refused to execute the mortgage clause. In addition to this, under the terms of the policy, as originally written, defendant was under legal obligation to execute a mortgage clause. In this connection the policy provides:

"Section 17—In case there be a lien by mortgage, or otherwise on property insured in this company at the time of a loss for which the company is liable, the loss shall be paid to the holder of the mortgage or lien to the extent of his interest, provided that the company is duly notified in writing of such mortgage or lien by the party in whose name it is drawn.

"Members carrying insurance in this company may, by notifying the secretary, assign their policies to a purchaser of the insured property, to be valid only until possession of the property is given —or to a creditor for a mortgage or other indebtedness as collateral security and the same shall be good to the assigns when the secretary shall have endorsed the assignment on the mortgage clause of the policy. A record of all such assignments shall be kept by the secretary and notice given to the assignee when the property is destroyed or damaged."

We have examined the case of Patterson v. Am. Ins. Co., 164 Mo. App. 157, cited by the defendant and find it not in point.

However, it is insisted by the defendant that its constitution does not authorize its secretary to append a mortgage clause *agreeing to give the mortgagee ten days written notice before canceling the policy.* There is no contention that the constitution expressly forbids it. Section 17 of the policy, which is from a clause of defendant's constitution, clearly contemplates a mortgage clause. The constitution provides that the duties of the secretary, in addition to those described in Section 17 supra, are "to keep a record of the transactions of the company, its officers and the proceedings of their meetings. . . . He shall keep the books of the company, file all applications, *issue all policies,* keep a record of all membership and policy fees as forwarded by the appraiser. He shall keep a list of the members of the company and the amount of insurance carried by each. He shall make assessments and forward a list to the treasurer." (Italics ours.) The agreed statement of facts recites:

"It is further agreed that the 'Loss Payable Clause,' designated as Exhibit B, appended to the policy is the same form which has been appended on policies for at least ten years, with the knowledge of the members of the executive board."

We think there is no question but that the secretary had authority to append a mortgage clause providing for notice to the mortgagee before cancellation of the policy. [Adams v. Farmers Mut. Ins. Co., 115 Mo. App. 21; 2 C. J., pp. 441-444.] However, defendant's real point is that the act of the secretary was *ultra vires* of the powers of the defendant. Even assuming that it was, it does not avail defendant anything. The mortgagee fully performed everything that was required of it to be performed. After the mortgage clause was attached to the policy for the mortgagee's benefit, there was nothing further for it to do. It fully relied upon defendant to perform its part of the agreement. Even if the secretary of the company were without authority to do so defendant is estopped from denying his authority for the reason that it accepted the benefits or the assessments. [Adams v. Farmers Mut. Ins. Co., supra; Cass Co. et al. v. Merc. Town Mutual Ins. Co., 188 Mo. 1.]

It is claimed that the mortgage clause in question was an open mortgage clause and not a union mortgage clause and that plaintiff could not recover because Williams, the insured, could not recover, his insurance having been suspended at the time of the loss.

"Where a policy is payable to the mortgagee as his interest may appear, under a mortgage clause providing for notice to the mortgagee of any delinquency of insured before suspension or cancellation of the policy affecting his interest, notice is a condition precedent to termination of the policy as to the mortgagee. In other words, the consideration which supports the policy supports also a contract be-

494

tween insurer and the mortgagee under the mortgagee clause attached to it at the time of its execution, where the loss is payable to the mortgagee as his interest may appear, and notice of any delinquency of insured is agreed to be given to the mortgagee within a specified time before any suspension or cancellation of the policy affecting his interests is made, as 'delinquency' is interpreted as referring to the same kind of 'act or default' as is referred to in the 'union clause,' and a recovery may be had by the mortgagee under said clause, where he has complied with its conditions, even though the mortgagor could not have enforced the policy because of his default." [5 Couch on Ins., pp. 4445-4446. See, also, Prudential Ins. Co. v. German Mut. Fire Ins. Co., 60 S. W. (2d) 1008, 1011; Adams v. Farmers Mut. Ins. Co., supra; Safe Deposit Co. v. Thomas, 59 Kas. 470, 473; 26 C. J., pp. 113, 138, 270, 271.]

However it is claimed that defendant could not have given plaintiff ten days notice before suspending the insurance because the mortgage was assigned without notice to the defendant. It is stated in the brief that defendant did not know plaintiff or his address. Regardless as to whether it knew him, it was not impossible for it to have found out who then was the owner of the mortgage and have given him notice, but merely more or less inconvenient. Defendant agreed unequivocally to give notice to the mortgagee and there is no evidence or claim that any attempt was made to give any notice, either to the State Savings Loan & Trust Company or to the plaintiff. Defendant could have fully protected itself by attaching a mortgage clause requiting the mortgagee, without notice, to pay the assessments in case the insured did not do so.

Some other points are attempted to be raised in the reply brief of defendant but they cannot be considered because they are not raised in its original brief. [Ridenour v. Mines Co., 164 Mo. App. 576, 599; Erdmann v. United Rys., 173 Mo. App. 98; Austin v. Shoe Co., 176 Mo. App. 546; Norvell v. Cooper, 155 Mo. App. 445, 453.]

The judgment is affirmed. All concur.

## ON MOTION FOR REHEARING.

BLAND, J.—It is claimed that it was the duty of this court to raise *sua sponte* the point that the petition failed to state a cause of action and that we should have noticed the point although it was not properly presented in appellant's brief.

It is always the duty of a court to raise of its own motion a question of lack of jurisdiction over the cause (15 C. J., p. 850). Consequently, where the petition is fatally defective the question will be raised *sua sponte* by the court. However, that situation is not present in this case. [Ricketts v. Hart, 150 Mo. 64; Williams v. Stroub, 168 Mo. 346, 354; State ex rel. v. Scarritt, 128 Mo. 331.]

We find the cases of Greer, Admr., v. Railroad, 173 Mo. App. 276 and Macey-Harris Harvester Co. v. Fed. Res. Bank of K. C., 48 S. W. (2d) 158, cited by the appellant not in point.

The motion for a rehearing is overruled.