DANIEL BAHR, Respondent, v. THE NATIONAL FIRE INSURANCE COMPANY of Hartford, Connecticut, Appellant.

*Policy of fire insurance — stipulation as to the location of the articles insured.*

Where a policy insuring personal property against fire contains a stipulation that the property is insured only "while located as described herein, and not elsewhere, to wit, * * * while contained" in a certain building, the provision as to the location of the insured property is a warranty, a breach of which avoids the policy.

APPEAL by the defendant, The National Fire Insurance Company of Hartford, Connecticut, from a judgment of the County Court of Kings county in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of January, 1894, upon the decision of the court affirming the judgment of a justice of the peace of the city of Brooklyn, Kings county.

*Magner & Hughes*, for the appellant.

*Moffett & Kramer*, for the respondent.

CULLEN, J. :

This is an appeal from a judgment of the County Court affirming a judgment for the plaintiff by a justice of the peace of Brooklyn. The action was to recover $200, the insurance on a carriage. The defendant's policy insured plaintiff on the carriage "while located and contained as described herein and not elsewhere, to wit: * * * while contained in the frame building occupied as a wheelwright shop on the south side of Grand street, about sixty feet east of Lagrange street, known as Nos. 884–6 Grand St." The carriage was burned in a livery stable and horse shoeing shop, No. 856 Grand street, about a block and a half away from the place named in the policy. This judgment cannot stand. The location of the insured property was a warranty, a breach of which avoided the policy. (*Bryce* v. *Ins. Co.*, 55 N. Y. 240.)

The respondent argues this case upon the theory of a mistake in the description of the premises made in the policy. I cannot find the slightest evidence of that fact. The only testimony as to the information given to the defendant when the policy was applied for is that of the defendant's agent. He says that the location inserted

in the policy is the location stated to him.    There is nothing to show that the place where the fire occurred is the place intended to be described in the policy.    For aught that appears in the evidence there may be a wheelwright's shop at the exact location and bearing the street numbers named in the policy.

The judgment of the County Court should be reversed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment reversed, with costs.