MRS. MARY McINTYRE, Respondent, v. LIVERPOOL, LONDON & GLOBE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 4, 1908.

1. **INSURANCE: Removal of Goods: Duty of Insurer: Notice.** Although there be a breach of a condition of a policy resulting from a removal of the goods insured, yet the insurer waives its right to refuse payment for a loss, where it has failed to cancel the policy and return the unearned premium after notice of such removal.

2. ———: ———: ———: ———: **Higher Rate.** Though the rate is higher at the place to which the goods are removed such fact will not release the insurer, his remedy being to cancel his policy.

3. ———: ———: **Construction of Policy.** Policy insured goods "while located and contained as described herein and not elsewhere." *Held*, the phrase "not elsewhere" conveys no further or different meaning than the preceding words.

4. ———: **Loss: Measure of Damages: Instruction.** An instruction relating to the measure of damages and summarized in the opinion is approved.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*Reed, Yates, Mastin & Harvey* for appellant.

(1) Appellant had the right to show that the agent, whom it was claimed was told of the removal of the property from 1213 Broadway to 1620-22 Main street, had no power or authority to make a contract insuring the property in the new location. That such testimony was admissible is clearly shown by Miller v. Insurance Co., 106 Mo. App. 205. (2) Contracts of insurance which contain no limitation with reference to removal save that found in the descriptive clause naming the place where the insured goods are located have always been held to be avoided upon the removal of the goods to another situation. Giboney v. Insurance Co., 48 Mo. App. 192; Village of L'Anse v. Fire Association, 119 Mich. 427, 78 N. W. 465; Bahr v. Insurance Co., 80 Hun 309, 29 N. Y. Supp. 1031. (3) This contract, therefore, was at an end after the removal of the goods to the storage house, unless this result is defeated by the fact, as testified to by respondent, that she told appellant's agent of the removal and the policy was not cancelled. This cannot be true because the agent had no authority to insure the property at all in the location to which it was removed. The court erred in refusing to permit him to so testify. 2 Cooley's Briefs on Insurance, page 1621 in which the author cites Miller v. Insurance Co., 106 Mo. App. 205.

*Ewing C. Bland* and *Walsh & Morrison* for respondent.

(1) The court properly refused to allow the local agent of the defendant to deny his power to waive a condition of the policy, which power was clearly within the scope of his authority to exercise. Thompson v. Insurance Co., 169 Mo. 12; McCullom v. Insurance Co.,

67 Mo. App. 76; Fink v. Insurance Co., 66 Mo. App. 513; Mills v. Insurance Co., 95 Mo. App. 211; Miller v. Insurance Co., 106 Mo. App. 205. (2) Although there was a breach of a condition of the policy, by the removal of the goods, nevertheless defendant waived its right to refuse payment under the policy after loss when it failed to cancel the policy and return the unearned premium, after due notice of such removal. Trust Co. v. Insurance Co., 79 Mo. App. 362; Miller v. Insurance Co., 106 Mo. App. 211; Insurance Co. v. Carey, 83 Ill. 453; Planing Mills v. Insurance Co., 59 Mo. App. 204. (3) And this rule applies equally when the policy contains the words as to the location of the goods, "while located and contained as described herein and not elsewhere;" such words constituting merely a warranty on the part of the insured that the goods would remain in the location where insured. Behr v. Insurance Co., 80 Hun 309; 2 Cooley's Briefs on Insurance, 1619; Montgomery v. Insurance Co., 55 s. c. 1; Insurance Co. v. Taylor (Kans.), 91 Pac. 1070. (4) Plaintiff was entitled to submit to the jury the question of whether her loss was total or partial, and the court did not commit error in allowing her to do so. Dry Goods Co. v. Buchanan, 79 Mo. 532; Wilcox v. Johnson, 57 Iowa 278. (5) The question of the amount of the loss was one for the jury, and the jury having spoken its word must be final with this court. Duff v. Insurance Co., 56 Mo. App. 355, 129 Mo. 468. (6) Plaintiff was entitled to submit the question of total loss to the jury in her case. Duff v. Insurance Co., 129 Mo. 468; Walker v. Insurance Co., 62 Mo. App. 209. (7) Even if it were improper for the court to submit the question of total loss, there could not have been any error committed, as the jury did not find a total loss, but found for the defendant on that issue. Its rights were not prejudiced. Prichard v. Hewitt, 91 Mo. 547. (8) The court properly allowed plaintiff

to prove her damages by both fires as one loss. She was not required to split up her cause of action. Insurance Co. v. Hodge, 149 Ill. 208; Ruddle v. Horine, 34 Mo. App. 616; Green v. Vonder Ahe, 36 Mo. App. 394. (9) The court did not commit error in refusing an instruction fully covered by another instruction, and ignoring issues in the case.

BROADDUS, P. J.—This is a suit on a fire insurance policy, whereby respondent was insured in the sum of $1,000 on her household and kitchen furniture, "while contained in the two story and basement brick and frame roof dwelling and its additions, occupied for family residence," number 1213 Broadway, Kansas City, Missouri. There was additional concurrent insurance of the property to the amount of $1,000, in another company. There was a fire on October 31, 1903, whereby the property was partially destroyed and damaged. It was shortly afterward removed to a storage house on Main street, where a second fire occurred. Plaintiff's evidence showed that it was practically destroyed by fire and water at this second fire. Her evidence is to the effect that she notified Mr. George Kumpf, defendant's agent at Kansas City that she had so removed the goods and he himself testified that he had knowledge of that fact. The agent testified that he had authority to write insurance and to consent to the removal of goods from the places where insured. Defendant offered to prove by Mr. Kumpf, that the rate for insurance of property at the time in question was greater than the rate provided for in the policy, and that he did not have the authority to issue insurance on property in said storage house. The offer was refused by court.

The cause was submitted to a jury which returned a verdict for plaintiff in the sum of $900 upon which judgment was rendered, and defendant appealed. The main question relied on for reversal of the case is, that

the removal of the property from the place where insured before the second fire avoided the policy.

Some of the authorities relied on by the appellant we will notice. "In an action on an insurance policy for the destruction of goods, the insurer set up a defense that the goods had been removed from the building without its consent endorsed thereon as required by the terms of the policy, and plaintiff claimed a waiver of the forfeiture. Plaintiff testified that he notified the agent of the defendant of his intention to remove the property, the agent informed him that the insurance would cost more money in the place to which the goods were moved and plaintiff stated to him that he had better fix the papers. Held, that this would not constitute a waiver of the forfeiture; that the evidence indicated that the insured depended upon the company's agent to fix the insurance for him and thus constituted such agent his own agent and the company could not be bound by the neglect." [Miller v. Insurance Co., 106 Mo. App. 205.] This case is no authority in support of appellant's theory that there was no waiver of the condition of the contract that the goods were not to be removed without the consent of the insurer. The ruling is placed upon the ground that the insured made the company's agent his agent to obtain such consent and his neglect in that particular was the neglect of the plaintiff. There is nothing in the decision that can be construed to mean that such a condition of the contract could not have been waived by the agent. While there is no necessity for this court to either dissent or assent to what we have quoted from the opinion we do not wish to be understood as approving of what was said by the learned judge who delivered the opinion, for the reason that our conclusion is that the insured when he applied to the company's agent to obtain such consent for a removal of the goods did not make such agent his agent and his

application should be construed as made to the company itself and the failure of the agent to give such consent was not the neglect of the insured but that of the company. The court, however, recognized as a general rule, that an agent with power to make contracts of insurance and to countersign and deliver policies has the power to waive a forfeiture. In Giboney v. Insurance Co., 48 Mo. App. 185, it is asserted that: "It is an elementary proposition, that the place where personal property is insured is of the essence of the contract, and that if property is insured in one place the insurer is not liable if it is destroyed elsewhere." This is but the assertion of a general rule that is consistent with all the decisions on the subject that we have examined. [Village of L'Anse v. Fire Assn., 78 N. W. 465; Bahr v. Insurance Co., 29 N. Y. Supp. 1031.]

The Missouri decisions are to the effect, that although there may be a breach of a condition of a policy resulting from a removal of the goods insured, yet the insurer waives its right to refuse payment for a loss, where it has failed to cancel the policy and return unearned premium after notice of such removal. [Trust Co. v. Insurance Co., 79 Mo. App. 362; Miller v. Insurance Co., 106 Mo. App. 205; Thompson v. Insurance Co., 169 Mo. 12; McCollum v. Insurance Co., 67 Mo. App. 76; Fink v. Insurance Co., 66 Mo. App. 513; Millis v. Insurance Co., 95 Mo. App. 211.]

It is contended that the court was in error in not permitting defendant to show that the rate of insurance was greater at the place where the goods were removed than at the place where insured and that therefore the agent had no authority to consent to such removal. But the law imposed upon defendant, when it received notice of such removal, to cancel the policy and return the unearned premium, and having failed in that duty, it will not be heard to deny liability un-

der such circumstances and thereby profit by its own wrong.

The defendant contends that inasmuch as the language of the policy purporting, that "while located and contained as described herein *and not elsewhere,*" the insurance ceased *ipso facto* upon the removal. The italicized words *and not elsewhere* do not convey any further or different meaning to the other words locating the place where the goods were located, as without their use it is plain that the goods are insured while in the place described and nowhere else.

The court submitted the case to the jury on the theory that if the goods were totally destroyed the defendant was liable, to the full amount insured unless they had depreciated since the time of the issuance of the policy, in which event their verdict would be for $1,000 less such depreciation, or that if the goods were not totally destroyed plaintiff's measure of damages would be the difference between the reasonable value thereof prior to the fire and the value immediately after the fire, and that in no event the jury could return a verdict in excess of $1,000. The defendant's criticism of the instruction is not well founded. The cause was well tried. Affirmed. All concur.