J. W. SHUTTS, Respondent, v. MILWAUKEE MECHANICS INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, November 20, 1911.

1. INSURANCE, FIRE: Removal of Goods: Forfeiture: Waiver: Principal and Agent: Agent Representing Two Parties. Plaintiff's household goods were insured against loss by fire. The policy provided that it was in force only while said goods were in the building described in the policy. It also provided that no agent of the company had any right to waive any provision of the policy. The goods were destroyed by fire after they had been moved to another building. The evidence showed that defendant's agent knew of the change, and with such knowledge he did not cancel the policy or return the premium. The agent of defendant acted as the agent of plaintiff in drawing a deed for the property into which plaintiff moved, and the agent at that time told plaintiff his policy was all right. A judgment for plaintiff is sustained.

2. ———: ———: ———: ———: Pleading. On the removal of plaintiff's property defendant had the right to cancel its policy. If it failed to do so when it should, its action resulted in a waiving its rights under one of the terms of its contract, and not the making of a new contract, and plaintiff did not have to plead the making of a new contract.

3. ———: ———: ———. An insurance company has the right to stipulate in its contract against liability in the event of changes in the condition of the subject of insurance. But it may waive its right of forfeiture; and where it has notice of such changes

and does not cancel the policy it is deemed to have waived its right of forfeiture, and an agent with power to make contracts has the power to waive forfeitures.

4. **PRINCIPAL AND AGENT: Representing Two Parties.** The fact that one person acted as scrivener for plaintiff in the drawing of a deed did not make him any the less defendant's agent in reference to defendant's insurance business.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*Fyke & Snider* and *W. H. Childers* for appellant.

(1) Upon removal of the property from the place where insured the policy at once became null; once void it so remained. There is no evidence of an agreement to revive, nor is any consideration for a revival shown. Imperial Ins. Co. v. Coos County, 151 U. S. 463; Kyte v. Assurance Co., 149 Mass. 116; Hoover v. Insurance Co., 93 Mo. App. 111. (2) At the time plaintiff claims he notified Mr. Reeves the property had been removed to a new location, Reeves was employed by plaintiff, and as Mr. Reeves could not simultaneously represent plaintiff and defendant without defendant's knowledge and consent, the notice then given, if any, was not notice to defendant, nor binding upon it. DeSteiger v. Hollington, 17 Mo. App. 382; Winter v. Corey, 127 Mo. App. 601.

*Earl F. Nelson* for respondent.

JOHNSON, J.—Action on a policy of fire insurance issued by defendant on the household goods of plaintiff in his residence in the city of Milan. Plaintiff obtained the policy from C. W. Reeves, the local agent of defendant at Milan, and by the terms of the instrument, defendant, in consideration of a premium of

$2.50, paid by plaintiff, undertook to insure the property for a term of three years in an amount not exceeding the sum of $250. The location of the property was stated in the policy and the agreement was clearly expressed that the insurance should be in force only while the property should be "contained in or attached to the above named dwelling house." Further the policy provided that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provision or condition unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist, or be claimed by the insured, unless so written or attached."

The property insured was destroyed by fire during the term covered by the policy but not until after plaintiff had removed it to a new country home in the vicinity of Milan. The petition contains the allegation that the removal was "with notice to, knowledge of and consent of defendant." The answer is a general denial.

It appears from the evidence of plaintiff that he first gave notice to defendant's agent Reeves, of the removal of the insured property some two months or more after the occurrence of that event. He sold his house in Milan and went to Reeves to have him prepare the deed and at the same time he took with him the policy in controversy and handed it to Reeves, with the statement that he was living in the country and desired to have a proper transfer of the insurance made. Reeves—so plaintiff testified—took the policy, looked at it and then returned it to plaintiff, remarking that "the policy is all right." The incident occurred

in May, 1910, and the fire did not occur until the following October. Reeves, whom the evidence discloses was the alter ego of defendant at Milan and who, as such, issued the policy, was introduced as a witness by defendant and testified that no such conversation as that related by plaintiff occurred. Defendant did not cancel the policy nor offer to return the the unearned premium.

The court overruled defendant's request for a peremptory instruction and submitted the issue to the jury of whether or not defendant was notified of the change in the location of the property. The jury found for plaintiff and after unsuccessfully moving for a new trial and in arrest of judgment, defendant appealed.

Three points are urged by counsel for defendant, namely, first, that the petition fails to state a cause of action because of its failure to allege that defendant "agreed to insure or cover the property after removal at the place to which it was removed;" second, that "upon removal of the property from the place where insured the policy at once became null; once void it so remained. There is no evidence of an agreement to revive, nor is any consideration for a revival shown," citing Imperial Insurance Co. v. Coos County, 151 U. S. 463; Kyle v. Assurance Co., 149 Mass. 116; Hoover v. Ins. Co., 93 Mo. App. 111; third, that "at the time plaintiff claims he notified Mr. Reeves the property had been removed to a new location Reeves was employed by plaintiff and as Mr. Reeves could not simultaneously represent plaintiff and defendant without defendant's knowledge and consent, the notice then given, if any, was not notice to defendant nor binding upon it."

We shall dispose of this last proposition in few words. As to the insurance on plaintiff's household goods, Reeves was not the agent of plaintiff but was the agent and, as we have said, the alter ego of defendant at Milan, and the mere fact that Reeves was em-

ployed by plaintiff to act for him in an entirely different matter and in a different capacity, affords no ground for even a suspicion that such employment also included the transfer of the insurance. Frequently in small cities and towns lawyers and conveyancers are also insurance agents and it would be a strange doctrine that would destroy the relation subsisting between an insurance company and its local agent by the mere fact that in another vocation and in an independent transaction in which the company had no interest he happened to serve the insured at the same time he transacted insurance business with him.

Likewise the first point urged by defendant will be dismissed with the brief observation that the petition does not attempt to plead a new contract but a waiver by defendant of a ground of forfeiture which, but for such waiver, would constitute a complete defense to the action. The position of plaintiff, as outlined by his pleadings and proof, is that the removal of the property insured during the term of the insurance did not call for a new contract supported by a new consideration but that the insurance, for which the premium for the whole term had been paid in advance, would continue in force until the end of the term, if defendant knew of the change in the location of the property and expressly or impliedly assented to the change. There was no issue of waiver in any of the cases cited by defendant in support of the second proposition. They but recognize the obviously just and well settled rule that an insurer has a right to stipulate in the contract against liability in the event of changes in the condition of the subject of insurance. Stipulations of that character uniformly are enforced and their violations by the insured are held to constitute a breach of contract on his part that will give the insurer ground on which to base a claim of forfeiture. But that the insurer may waive a right of forfeiture is a doctrine too well established in jurisprudence to admit of

serious debate and in this state the courts have held, in a line of cases, that the insurer waives its right to refuse payment of loss where it has failed to cancel the policy and return the unearned premium after notice of such removal. [McIntyre v. Ins. Co. 131 Mo. App. 88; Trust Co. v. Ins. Co., 79 Mo. App. 362; Miller v. Ins. Co., 106 Mo. App. 205; Thompson v. Ins. Co., 169 Mo. 12; McCollum v. Ins. Co., 67 Mo. App. 66; Fink v. Ins. Co., 66 Mo. App. 513; Millis v. Ins. Co., 95 Mo. App. 211.]

The case of McIntyre v. Ins. Co., supra, cannot be distinguished in principle from the case in hand. There, speaking through BROADDUS, P. J., we say: ". . . an agent with power to make contracts of insurance and to countersign and deliver policies has the power to waive a forfeiture. In Giboney v. Insurance Co., 48 Mo. App. 185, it is asserted that: 'It is an elementary proposition, that the place where personal property is insured is of the essence of the contract, and that if property is insured in one place the insurer is not liable if it is destroyed elsewhere.' This is but the assertion of a general rule that is consistent with all the decisions on the subject that we have examined. [Village of L'Anse v. Fire Assn., 78 N. W. 465; Bahr v. Insurance Co., 29 N. Y. Supp. 1031.]

In Thompson v. Insurance Co., supra, the Supreme Court say:

"He was the alter ego of the company in that city for all such purposes. He knew of the additional insurance before the loss. His knowledge is the knowledge of the company. He did not object, but allowed the plaintiff to rely upon the vitality of the policy; and no question was ever raised about that matter until after the loss. If the company desired to forfeit the contract for this reason, it should have acted during the life of the contract, and it should have returned the unearned portion of the premium. If it had done so, the plaintiff could have secured other insurance. Instead of doing

this, the company waited until after the loss, until after the proof of loss, and until it was too late for the plaintiff to secure other insurance. Such conduct clearly estops the defendant from making such a defense now."

The fact that plaintiff waited two or three months before notifying the agent of the removal is without effect on the question of waiver. The main fault of the position of defendant lies in their assumption that the change in the condition of the property *ipso facto* made the policy void. That is not so. It only gave the insurer a right to forfeit the policy which right, as we have shown, could be waived. When it received notice of the existence of a ground of forfeiture defendant could not lie by in silence, retain the premium for the whole time and then, when the loss occurred, return to the ground of forfeiture which by its conduct in retaining the premium it declared, in effect, its purpose to abandon the policy.

The instructions to the jury properly declared the law of the case and, as we find no prejudicial error in the record, the judgment is affirmed. All concur.