FRANK DYER, Respondent, v. AMERICAN INSURANCE COMPANY OF NEWARK NEW JERSEY, Appellant.

In the Kansas City Court of Appeals, November 6, 1922.

INSURANCE: Fire Policy: Forfeiture: Estoppel: Waiver: Where Property Insured was Mortgaged in Violation of Terms of Policy Rendering Same Void, Held Forfeiture was Waived by Failure of In-

surer to Return Unearned Premiums upon Acquiring Knowledge Sufficient to Justify Forfeiture. In an action on a fire insurance policy where the evidence showed that defendant, insurance company, knew that plaintiff had, prior to fire causing the loss, mortgaged the property insured, which was ground for forfeiture under the terms of the policy, but defendant at no time after obtaining the information sufficient to justify the forfeiture, offered to return the unearned premiums, either before suit or in its answer, nor did it deposit them in court for plaintiff's benefit, *held* that defendant in retaining premiums to which it was not entitled, assumed an inconsistent position by contending that policy was void and it was therefore estopped to deny that policy at time of fire was valid, or to say that it had not waived the forfeiture.

Appeal from the Circuit Court of Adair County.—*Hon. J. A. Cooley*, Judge.

AFFIRMED.

*Higbee & Mills* for respondent.

*A. G. Knight* for appellant.

BLAND, J.—This is an action on a fire insurance policy. A jury was waived and the case tried before the court, resulting in a verdict in favor of plaintiff in the sum of $1012.75. Defendant has appealed.

The policy was issued on March 4, 1918, for a term of five years. It insured plaintiff's dwelling house, situated on eighty acres of land in Adair County, Missouri, in the sum of $600 and his household goods located in the house in the sum of $400. On February 18, 1922, the dwelling house and contents were totally destroyed by fire. Defendant refused to pay the loss, resulting in this suit.

The petition alleges the existence of a policy of insurance on the property and the destruction of the property by fire on the date mentioned. The policy issued is referred to in the petition as follows.

"Said policy of insurance is herewith filed, marked 'Plaintiff's Exhibit A'."

The petition does not plead any of the clauses of the policy except those insuring the property. Defendant's answer consists of a general denial but it further admits the execution of a policy and as an affirmative defense pleads a provision of such policy providing,

"If any of the property shall hereafter become mortgaged or in any manner encumbered that then and in each and every such case the entire policy shall be null and void."

The answer further alleges that after the execution of said policy plaintiff, on November 10, 1920, executed a "mortgage and deed of trust and encumbrance" upon the dwelling house and on the land upon which it was situated, securing the payment of a note in the sum of $4000; that said encumbrance was in force at the time of the fire; that defendant had no knowledge of the encumbrance until after the fire; that by reason of the facts pleaded the policy, so far as the insurance on the dwelling was concerned, was void. The answer was not verified. Defendant offered to allow plaintiff to take judgment for the insurance on the furniture. Plaintiff filed a reply consisting of a general denial.

Plaintiff introduced evidence of the loss and rested. Thereupon defendant offered to introduce in evidence the deed of trust it pleaded, also the policy filed by plaintiff as his exhibit A. Objection was made which the court sustained, apparently upon the theory that as defendant's answer was not verified and that under the provisions of section 1415, Revised Statutes 1919, the execution of the instrument sued on was adjudged confessed, and as the petition described a policy not containing the forfeiture clause relied upon by the defendant, that defendant was in no position to offer proof of a policy containing a clause which plaintiff contended was different from the terms of the policy pleaded in the petition. The court held that the fact that plaintiff referred in his petition to a policy containing such a forfeiture clause by referring to plaintiff's exhibit A, which was filed with the petition and which contained such a clause,

did not make such exhibit a part of the petition even for purposes of permitting the defendant to introduce such clause as a part of the contract pleaded and which was admitted by defendant's failure to deny the execution of the policy under oath. The refusal of the court to admit these documents, to give defendant's demurrer to the evidence and the rendition of a judgment in favor of plaintiff for the amount of the insurance upon the dwelling house, defendant assigns as errors.

Whether the theory upon which these documents were, excluded by the trial court was correct raises a very interesting question but one that we need not decide for the reason that if the action of the court can be sustained on any theory, it is our duty to affirm the judgment. We think there is no question but that the judgment for plaintiff was proper. Even if the defendant had a right to have admitted the court had admitted the policy sued upon and evidence of the deed of trust, judgment must have gone for plaintiff for the reason that defendant at no time after obtaining information of the grounds for forfeiture offered to return the unearned premiums, either before suit or in its answer, nor did it deposit them in court for plaintiff's benefit. The policy provided that "This company reserves the right to cancel this policy, *or any part thereof,* by tendering to the assured the unearned premium." Some policies found described in the reports provide that the unearned portion of the premium shall be returned on *surrender of* the policy by the assured, but such a provision is not found in the policy in the case at bar. Defendant admits that it knew of the facts constituting grounds of forfeiture "after the fire." The answer was filed June 10, 1922; the case was tried on June 21, 1922, and as before stated, defendant at not time offered to return the unearned premium. Under such circumstances it is held, at least in this State, that defendant is assuming an inconsistent position by contending that the policy is void and at the same time retaining premiums to which it has no right if its contention is correct. It is therefore es-

topped to deny that the policy at the time of the fire was valid and in full force and effect, or to say that it has not waived the forfeiture relied upon. [Jegglin v. W. O. W., 202 Mo. App. 367; Davis v. Knights & Ladies of Security, 196 Mo. App. 485, 495; Gold Issue Mining and Milling Co. v. Ins. Co., 267 Mo. 524.]

The judgment was for the right party and it is therefore affirmed. All concur.