# MARCH, 1928.

MRS. E. C. LUTHY, RESPONDENT, v. NORTHWESTERN NATIONAL INSURANCE COMPANY, APPELLANT.

Kansas City Court of Appeals. June 11, 1928.

*Ashley & Gilbert* for respondent.

*Crow & Newman* for appellant.

BLAND, J.—This is a suit on a fire insurance policy. There was a verdict and judgment in favor of plaintiff in the sum of $850.85, together with $77 penalty and $250 attorney's fee for vexatious refusal to pay. Defendant has appealed.

The facts show that defendant issued a fire insurance policy to plaintiff on January 23, 1923, in the sum of $1000 and insuring, against fire for a period of three years, her household goods and kitchen furniture while contained in the premises known as 18 West Fortieth Way, in Kansas City, Missouri. The facts further show that the property was removed from the premises where it was insured to the Monarch Storage Company in said city in the month of September, 1923; that while in the storage house a fire occurred on December 19, 1924, totally destroying the property. Defendant refused to pay the loss, resulting in this suit.

The defense to the policy was that the property had been removed from the place where it was insured, defendant pleading a clause of the policy providing that should the property be removed without the written consent of the defendant, the "policy shall be void." Plaintiff, over the objection of defendant, introduced evidence tending to show that shortly before and after the furniture was removed she and her son on her behalf notified Bunce Lacaff, who plaintiff contends was such an agent of the defendant as to bind the defendant by the receipt of such notice, that the property was being moved and had been moved to the storage house. This controversy rages over the question as to whether Lacaff was an agent of the character claimed by the plaintiff or was, in fact, any agent of the defendant at the time of his receipt of the notice of removal, or at any time.

In this connection the evidence shows that Lacaff was a bank teller at the Westport Avenue Bank in Kansas City and that he also was a licensed insurance broker. He testified, "I was writing policies right along for people, it was more of a side line." Plaintiff testified that she had known Lacaff. a number of years before the policy was issued; that she was doing her banking business at that time at the Westport Avenue bank and that she "procured" the policy from "Bunce Lacaff;" that she paid the premium for the policy to him. Over the objections of defendant, Lacaff testified, "I sold the policy"

to plaintiff. He further testified that he procured the policy from Mr. Van Horn of Van Horn & McTernan, defendant's agents in Kansas City; that he delivered it to plaintiff and collected from her the premium; that he remitted the premium to Van Horn & McTernan, less his part of the commission; that prior to the delivery of the policy to plaintiff he put upon it a "sticker" labeled "T. B. Lacaff;" that he usually put this character of sticker on all policies that he delivered to customers; that he kept a card index record of all policies that he handled but that he did not make any report to defendant except that they (Van Horn & McTernan) "sent me a statement once a month of the policies I had written for them." The evidence shows that plaintiff transacted no business of any kind with the defendant except through Lacaff.

The court sustained an objection to a question by defendant, propounded to the witness, Lacaff, as to whether he had ever received a license from the Superintendent of Insurance to write insurance as defendant's agent. However, it is substantially conceded that Lacaff was merely a broker and the question submitted to us is whether, being a broker, did he in this instance, by reason of the peculiar circumstances of the case, become the agent of the defendant for the purpose of receiving notice of the removal of the property. Of course, if defendant received information through a duly authorized agent of the removal of the property and failed to cancel the policy and return the unearned premium, its consent to the removal will be presumed. [26 C. J. 228.] Lacaff did not notify defendant, or Van Horn & McTernan its local agents, of the removal and the policy was not canceled or the premium returned.

Defendant insists that under the undisputed facts its demurrer to the evidence should have been sustained. It is stated in Fredman v. Consolidated Fire & Marine Ins. Co., 104 Minn. 76, 80—

"Unless otherwise provided, an insurance broker represents the insured, although he may represent either the insured or the insurer, or both, for certain purposes. It is a question of fact to be determined by the evidence. He may be the agent of the insurer for the purpose of delivering the policy and collecting the premiums, for the collection of the premiums only, or not even for that purpose."

In the case of Pringle v. Life Ins. Co., 123 Mo. App. 710, 714, this court said:

"It is a general statement of law that a broker is the agent of the assured and not of the insurer. If he is the agent of the insurer it is because of some special condition or circumstance in the particular case. 'A mere insurance broker cannot be converted into an agent of the insurance company, without evidence of some action on the part of the company, or of facts, from which a general authority to represent it might be fairly inferred.' [23 N. Y. 6, 16.] A broker after

fulfilling the object of his service, viz., obtaining a valid contract of insurance is no longer the agent of either party. While he may perform acts which will bind the company in consummating the contract, his agency is not a continuing one. He is not an agent for future acts.''

There was no evidence that Lacaff had ever before written a policy for plaintiff in this company or that he told plaintiff that this company was to issue the policy in suit. The sticker did not describe his as ''agent'' of defendant and, in fact, there is no evidence tending to show that defendant knew he was placing these stickers on policies. There is nothing to show how long he had followed the practice of putting the stickers on policies. It is unnecessary for us to discuss the question of whether there is sufficient evidence tending to show that plaintiff did not regard or treat Lacaff as her agent, but, assuming that there is such evidence, there is no question but that he, Lacaff, was the agent of the defendant for the purpose of delivering the policy and collecting the premium thereon. [Farber v. Amer. Ins. Co., 191 Mo. App. 307, 323, 324.] However, we fail to find any facts in the record showing that Lacaff was the agent of defendant for any other purpose than this, even if it could be said that the facts show that he was the agent for this purpose. We think, unquestionably, that he was not such an agent of defendant as to have authority to receive notice, several months after the policy was delivered, of the removal of the property. [Pringle v. Ins. Co., supra; Park v. Ins. Co., 279 S. W. 246, 249; Edward v. Ins. Co., 100 Mo. App. 695, 709; Smith v. Ins. Co., 188 Mo. App. 297; 9 C. J. 515.]

We do not think that the case of Farber v. Ins. Co., supra, cited by plaintiff is in point. That case involved a question as to whether certain misrepresentations made to the company by a broker were binding upon the insured. It was held that the broker in writing the insurance was the agent of the defendant because of the peculiar facts in that case, the principal circumstance being that the company customarily had theretofore relied upon the personal representations of the broker in writing the insurance. This case is also entirely unlike that of Lycoming Fire Ins. Co. v. Ward, 90 Ill. 545. That case did not involve the authority of a broker to act for the company long after the policy was written as does the case at bar.

However it is claimed by plaintiff that the failure of the defendant after the fire to tender the unearned premium to plaintiff estops defendant from claiming that the removal of the property voided the policy. This contention is well taken. [Malo v. Ins. Co., 282 S. W. 78; Block v. U. S. Fidelity & Guaranty Co., 290 S. W. 429, 436.] Defendant, as a part of its defense, should have shown that after its duly authorized agents learned of the removal of the goods, which evidently was not until after the fire, it made timely tender of the

unearned premium and had kept such a tender good. It has no right to insist upon a forfeiture without having pursued this court. [Pauley v. Business Men's Assurance Co., 217 Mo. App. 302, 311; Leer v. Ins. Co., 250 S. W. 631, 632.] As a condition precedent to the availing itself of the defense of forfeiture in this case the company should have restored or offered to restore the unearned premium. The failure to make this tender was also sufficient to sustain the action of the jury in inflicting the penalty and attorney's fee. [Malo v. Ins. Co., supra; Pauley v. Bus. Men's Assur. Co., supra; Vaught v. Ins. Co., 277 S. W. 939.]

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.