# MARCH, 1937.

H. E. BERGERSON, RESPONDENT, v. GENERAL INSURANCE COMPANY OF AMERICA, APPELLANT.—105 S. W. (2d) 1015.

Kansas City Court of Appeals. June 4, 1937.

*Pross T. Cross, Gerald Cross, Clarence C. Chilcott* and *C. W. Crossan* for respondent.

*Hogsett, Smith, Murray & Trippe* for appellant.

BLAND, J.—This is an action on a fire insurance policy. There a verdict and judgment in favor of plaintiff in the sum of $2700, interest in the sum of $366.97, together with a penalty of $270 and attorney's fee of $750 for vexatious refusal to pay. Defendant has appealed.

The facts show that on February 9, 1933, John E. Miller of the firm of Johnson & Miller, insurance brokers applied to H. E. Clark & Company, a corporation (the latter being the agent in Kansas City for the defendant, whose main office was in Seattle, Washington,) for a policy of fire insurance, in the sum of $3000, upon household goods owned by Frank N. and Hallie D. Eddy. Johnson & Miller paid H. E. Clark & Company the premium on the policy. The policy was first issued to Frank Eddy and latter corrected to insure Frank N. and Hallie D. Eddy.

At the time the policy was taken out the insured lived at 1206 Swift Avenue in North Kansas City where there was fire protection. However, a greater part of the insured property was removed, on October 8, 1933, to a house located about a mile and a half north of Martin City, in Jackson County, where there was no fire protection. The property so removed was totally destroyed by fire at the latter location about noon of October 10, 1933. Defendant refused to pay the loss and insured's cause of action was assigned to the plaintiff.

The policy provided that the property was insured while located and contained at 1206 Swift Avenue, North Kansas City, and not elsewhere. It also provided that no officer, agent or representative of the defendant should have the power to waive any of the provisions of the policy, except when such waiver was written upon or attached to it and that any privilege or permission affecting the insurance could not be claimed by the insured unless it be so written upon the policy or so attached.

The policy did not cover the property at the new location unless the agent, H. E. Clark & Company waived the provisions of the policy concerning the location of the property or agreed to carry the insurance at the place to which it was removed. [Giboney v. The German Ins. Co., 48 Mo. App. 185; Painter v. Concordia Fire Insurance Co., 256 S. W. 531.] Plaintiff sought to establish both a theory of waiver and an agreement transferring the insurance. In support of his case plaintiff introduced in evidence the deposition of one, Trilby Rogers.

It appears that, after the removal of the property, John E. Miller of the firm of Johnson & Miller, brokers, was notified of the removal and Mr. Miller took up the matter with Miss Rogers.

552

Miss Rogers testified that she was the secretary of H. E. Clark & Company; that she was instructed by Mr. Clark to sign his name to insurance policies; that she signed practically all of them; that she issued the policy in question; that about October 9, 1933, Mr. Miller called her over the telephone and stated that the Eddys had moved and wanted the defendant to consent to the removal of the property; that she told him she "could not transfer it because it was out of protection, it was against the company's rules, but he insisted that we at least try." She told him before she could submit the matter to the defendant which, as before stated, was located in Seattle, Washington, she must have the legal description of the real estate where the property was moved to; that Miller told her he had the legal description and came to her office but when he arrived the paper consisted of only a notation that the Eddys had moved "on the north side of some particular highway." This was not a sufficient description so she told Miller she would write the Eddys and secure the legal description; that she wrote the letter and sent it to the Eddys that night; that the letter came back undelivered; that in the letter she did not give the Eddys to understand that they were protected. She told them that the Company "could not write it (the insurance) out in unprotected territory."

Mrs. Eddy testified that she, accompanied by Miller, went to the office of H. E. Clark & Company on October 11, 1933, the day after the fire; that Miller introduced her to Miss Rogers and informed the latter that a fire had taken place; that Miller asked Miss Rogers if the transfer had been made. Over the objection of the defendant Mrs. Eddy testified that Miss Rogers then went and looked at some books or papers and stated: "Well, it has been taken care of, and you will see Mr. Ducate." Mr. Ducate was the adjuster for the defendant.

Defendant did not tender the unearned premium to the Eddys until December 20, 1933.

Complaint is made of the refusal of the court to give defendant's instruction in the nature of a demurrer to the evidence and of the giving of plaintiff's instruction No. One, which instruction reads as follows:

"The court instructs the jury that if you find and believe from the evidence that on or prior to October 10, 1933, the defendant was notified of the removal of the property insured from 1206 Swift Avenue, North Kansas City, Missouri, to the one-story frame building situate about one and one-half miles north of Martin City, Missouri, on Highway S-13 on the south side thereof, and you further find and believe defendant was requested to transfer said insurance to said new location it then became the duty of the defendant to either make said transfer or pay to Frank N. and Hal-

lie D. Eddy the unearned premium on said insurance policy, and if you further find and believe that the defendant failed to pay or offered to pay Frank N. Eddy and Hallie D. Eddy the unearned premium on or prior to October 10, 1933, then the failure to have a written permission for the transfer of said insurance placed on said insurance policy is no defense to this suit and your verdict on this issue will be for the plaintiff."

As it was admitted at the trial that there was no tender of the unearned premium until after the fire, plaintiff's instruction No. One was equivalent to a directed verdict in his favor. We are of the opinion that the evidence does not support a theory of the plaintiff of a waiver, prior to the fire, of the matter of the location of the property insured, and in this connection, we assume that Miss Rogers was such an agent of the defendant as to have the power to make such a waiver.

The undisputed evidence shows that Miss Rogers did not remain silent when notified of the removal of the goods. She told Miller, who was acting as the agent of the insured in the matter, that she could not consent to the transfer and that the company would not consent to it but he insisted that she attempt to get its consent. It is quite apparent that Miller was not given to understand that Miss Rogers or the company would waive the matter of removal for he agreed that she attempt to get the company to consent thereto. Miss Rogers was plaintiff's witness and her testimony was undisputed on that point. Under such circumstances Miss Rogers had a reasonable time to obtain the consent of the company at Seattle. The evidence shows that she neither had time nor the opportunity to obtain the consent of the company at Seattle prior to the fire. Plaintiff's instruction was clearly erroneous. In any event, the instruction was of questionable propriety even though there were evidence upon which to submit the theory of waiver prior to the fire. In that event defendant's agent had a reasonable time in which to tender the unearned premium. [26 C. J., p. 301; Goffe v. National Surety Co., 9 S. W. (2d) 929, 933; So. States Fire Ins. Co. v. Kronenberg, 74 S. W. (2d) 63, 67 (Ala.); Glasscock v. Des Moines Ins. Co., 125 Iowa 170, 172.]

Complaint is made of the giving of plaintiff's instruction No. 4 which, among other things, submits the matter of an agreement to insure the goods at the new location, and the overruling of defendant's objection to the testimony concerning Miss Rogers' admissions upon which the instruction was based. Although Miss Rogers was plaintiff's witness and denied that she stated to Miller, in the presence of Mrs. Eddy, "Well, it has been taken care of, and you will see Mr. Ducate," and denied that the transfer was made the jury was at liberty to believe the testimony of Mrs. Eddy that Miss

Rogers did make this statement. [Frankel v. Hudson, 271 Mo. 495.] If she did, then her statement was evidence, for the jury's consideration, as to whether the defendant, H. E. Clark & Company, expressly consented to insure the property at its new location.

Taking all of the evidence together it was within the province of the jury to find that, after Miss Rogers told Miller that she would be required to communicate with the company before she could transfer the insurance something occurred to cause her or H. E. Clark & Company to change her or its mind about the matter and that H. E. Clark & Company caused a memorandum to be made on its records to the effect that the property was insured at its new location.

However, defendant says that Miss Rogers was not such an agent as to have authority to make such an admission for it. We are unable to agree with defendant's contention in reference to this matter. It may be fairly inferred from the evidence that H. E. Clark & Company was the agent of the defendant with the power to write insurance, countersign policies and collect premiums. If so, it was the general agent of the defendant and had authority to transfer the insurance without the consent being indorsed on the policy, although the policy provided otherwise. [James v. Mut. Res. Fund Life Ins. Co., 148 Mo. 1; Schuler v. Met. Life Ins. Co., 191 Mo. App. 52, 74; Goodwin v. K. L. of S., 166 Mo. App. 289, 297; United Zinc Companies v. Accident Assurance Co., 144 Mo. App. 380; Murphy v. Great Am. Ins. Co., 221 Mo. App. 727; 25 C. J., p. 228.] Miss Rogers was secretary and clerk to the agent and she had the same power in the premises as that of H. E. Clark & Company. [32 C. J., p. 1069; 26 C. J., p. 301.]

However, defendant insists that the statement of Miss Rogers was a narrative of a past event; that it took place after the rights of the parties had become fixed and was not a part of the *res gestae;* that Miss Rogers was not receiving notice of the removal of the goods at the time she made the statement or admission, but was merely receiving notice of the occurrence of the fire, she was not doing anything for the defendant in relation to the transfer of the insurance at the time she made the statement and it was not within the scope of her authority to make the admissions attributed to her. We think there is no merit in this contention. H. E. Clark & Company was the general agent of the defendant and had as much authority to make admissions for it relative to that part of the business of the defendant intrusted to it, while in the act of attending to that business, as any of defendant's officers or even its board of directors. [Kaufman v. Baden Ice Cream Mfgrs., Inc., 7 S. W. (2d) 298; Citizens Bank v. Kriegshauser, 273 S. W. 764;

Knarston v. Manhattin Life Ins. Co., 140 Calif. 57, 68; Bartlett v. The Firemen's Fund Ins. Co., 77 Iowa 155; Ins. Co. v. Woodruff, 26 N. J. L. 541.]

We have examined the authorities cited by the defendant and find them not in point. In the case of Parr v. Ill. Life Ins. Co., 178 Mo. App. 155, it was held that the local agent had no authority to make admissions concerning the payment of premiums by the insured to him, which, while made when he was still in the community where he had transacted such character of business with insured, were not made while transacting that business but to various neighbors of the insured, while he was engaged in the business of the company affecting them only. The court held that certain statements made by another agent, to-wit, one Guy Withers showing an admission of liability on the part of the defendant were improperly admitted because (l. c. 160) ''no proof was made showing what authority Guy Withers had.''

In the case of Gaines v. Berkshire Life Ins. Co., 68 S. W. (2d) 905, while the declarations in issue were made by one who was apparently a general agent, they were not made while the agent was transacting any business in connection with the policy of the insured, but while he was assisting in the solicitation of insurance from another person. The claimed admission of the agent consisted of merely a casual remark made at the time when the insurance in question was not a proper subject of discussion. In the other cases cited by the defendant, in which agents were alleged to have made admissions, the agents were not general agents but such as had no authority to make the admissions questioned in those cases. In the case at bar, when the statement of Miss Rogers, that the matter had been taken care of, was made, business in connection with the insurance in question was being transacted. The remark was not a casual one, but was made in answer to a question asked her by Miller relative to the condition of the insurance, which materially affected the business which brought Miller and Mrs. Eddy to the office of H. E. Clark & Company and which was under discussion at the time the admission was made. Neither was it made outside of the office but in the office, during business hours, when a matter which had arisen in connection with the policy was under discussion.

However, it is insisted by the defendant that Miss Rogers' statement: ''Well, it has been taken care of,'' was made in reference to her writing the letter to the Eddys and not to the matter of an agreement to a transfer of the insurance. The inference that we draw from the testimony is to the contrary. If there can be any question about it, the matter was for the attention of the jury.

On account of the giving of plaintiff's instruction No. One this case must be reversed and the cause remanded. However, it is proper for us to pass upon other matters that may arise in the next trial.

Upon the question of the measure of damages, it will not be proper for the defendant, in an effort to show the value of the property immediately before the fire, to introduce testimony as to the actual value at that time of each piece of the furniture. While, the burden was upon the plaintiff to show the value of the property immediately before the fire, and it was proper for defendant to introduce evidence bearing on the same subject, the measure of damages was the difference between the amount that the property was insured for, less the depreciation, if any, that took place between the time of the writing of the policy and the fire, there being a total loss. To permit defendant to introduce testimony on any other theory would be an evasion of the valued policy statute. [See sec. 5829, R. S. 1929; Strawbridge v. Fire Ins. Co., 193 Mo. App. 687, 691; Avery v. Ins. Co., 222 Mo. App. 31; Avery v. Ins. Co., 222 Mo. App. 467.]

Defendant was under the obligation to return the unearned premium to the insured within a reasonable time after it had notice of the loss and, if it failed to do so, it waived the provision of the policy concerning the place where the goods were insured and, under the facts in this case, whether the tender of the premium on December 20, 1933, was within a reasonable time, is a question for the jury. [Goffe v. Nat'l. Surety Co., supra; Luthy v. Northwestern Nat'l. Ins. Co., 20 S. W. (2d) 299, 301; Lear v. Cont. Ins. Co., 250 S. W. 631; Raker v. Serv. Life Ins. Co., 49 S. W. (2d) 285; Caldwell v. City of N. Y. Ins. Co., 245 S. W. 602; Pauley v. Business Men's Accident Co., 217 Mo. App. 302; Avery v. Mechanics' Ins. Co., 295 S. W. 509; So. States Fire Ins. Co. v. Kronenberg, supra; Glasscock v. Des Moines Ins. Co., supra; 5 Collidge Briefs on Ins., 4344, 4345.] We do not pass upon the question raised by the defendant in its reply brief to the effect that, as all of the goods were not moved, there was no duty on defendant to tender back any part of the premium because the question is raised in a reply brief and plaintiff has had no opportunity to answer the point made. [Ridenour v. Mines Co., 164 Mo. App. 576, 599; Erdmann v. United Rys., 173 Mo. App. 98; Austin v. Shoe Co., 176 Mo. App. 546; Norvell v. Cooper, 155 Mo. App. 445, 453.]

It is unnecessary for us to pass upon the propriety of the giving and the refusal of other instructions for the reason that the cause, of necessity, will be tried the next time upon a different theory than waiver prior to the loss.

There are a number of complaints made by the defendant concerning the conduct of the trial under review. The incidents alluded to in this connection will probably not arise in another trial and it is unnecessary for us to go into them. It is sufficient for us to say that plaintiff should scrupulously avoid getting before the jury the question of an offer of settlement on the part of the defendant.

Notice to the broker of the removal of the goods was not notice to the defendant. [Luthy v. Northwestern Nat'l Ins. Co., supra; 26 C. J., p. 301.]

The judgment is reversed and the cause remanded. All concur.