Willard B. MILITZER and Patsy R. Militzer, Plaintiffs-Respondents,

v.

STATE FARM FIRE AND CASUALTY COMPANY, a corporation, Defendant-Appellant.

No. 32487.

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1967.

Carter, Fitzsimmons & Brinker, Bernard C. Brinker, Clayton, for appellant.

Gregory D. O'Shea, St. Louis, for respondents.

TOWNSEND, Commissioner.

Action upon household goods fire insurance policy.

The appellant issued its policy to respondents for the period January 23, 1962—January 23, 1965, covering on household goods while located at a named address in Lemay, Missouri, and not elsewhere. The premium of $23.49 for the policy period was prepaid. In November, 1962 the respondents moved their household contents to Belleville, Illinois, where they were destroyed by fire on February 6, 1963. By endorsement the policy limitation of coverage to the originally named location was in part removed by providing that in the event of the removal of the insured goods to another residence of the insured in *Missouri* the policy should cover such removed property at the new location. The endorsement provided further: "The Insured may apply up to ten per cent (10%) of the amount specified for the household and personal property item to cover property described thereunder * * * belonging to the Insured * * * while elsewhere than on the described premises but within the limits of that part of Continental North America included within the United States of America * * *." By stipulation the parties agreed that the loss of household goods exceeded the $3000 limit of the policy. Appellant at all times admitted its liability to the extent of $300 and it was so stipulated by the parties; appellant denied liability beyond that sum while respondents at all times claimed that they were entitled to $3000. The action was tried to the court which denied appellant's motion to dismiss, filed at the close of plaintiffs' evidence. Appellant stood on its motion and presented no evidence. After making certain other findings of fact the court found that "the insurance continued in full force and effect after the loss and that defendant, or their agents, did not tender any refund premiums to plaintiffs for the time when defendant alleged that there was lack of coverage."

Verdict and judgment in favor of plaintiffs for $3000 followed.

■ Plaintiffs' theory of the case is plain. It rests upon those precedents which deal with the situation where the insurer denies liability under a policy because prior to a loss the goods have been removed from the location to which coverage was limited by the express terms of the policy. Under some circumstances, if the insurer denies that the loss was covered because of such removal but retains the unearned portion of the premium without making tender of its return, the insurer will be estopped to deny liability on the policy. Thus in Luthy v. Northwestern National Insurance Co., 224 Mo.App. 371, 20 S.W.2d 299, the policy provided that upon such removal the policy should become void; the insurer was held estopped to claim avoidance of the policy because there was no tender of the unearned part of the premium. Other cases involve the simple policy contract provision that the coverage shall apply only in the case of loss at the designated location.

Implicit in such holdings—and sometimes expressed—is the proposition that upon first learning of the removal of the goods after the loss the insurer has the privilege of cancelling the policy and so relieving itself from liability but that such privilege is conditional upon a tender of the unearned part of the premium. If that tender has not been made the privilege of cancellation—after the loss—does not exist. From this it is supposed to follow that the insurer is liable for the loss at the non-designated location despite the expressed contract exclusion of such a loss—all in the name of "non-forfeiture".

The present case does not fall within the ambit of the precedents upon which the plaintiff relies.

■ Missouri cases dealing with the problem of removal of goods from the covered location may conveniently be divided into two categories: 1. Those in which the insurer has notice of the removal before a loss occurs and 2. Those where such notice is had only after a loss. In the first category a failure of the insurer to cancel the policy, after notice, has been held, after loss has occurred, to be a waiver of the "forfeiture" of the policy. Shutts v. Milwaukee Mechanics' Insurance Co., 159 Mo. App. 436, 141 S.W. 15; McIntyre v. Liverpool, London & Globe Insurance Co., 131 Mo.App. 88, 110 S.W. 604; Bergerson v. General Insurance Co. of America, 232 Mo.App. 549, 105 S.W.2d 1015. The same rationale has been applied in the matter of a burglary policy. Block v. United States Fidelity & Guaranty Co., 316 Mo. 278, 290 S.W. 429 (Claim II). And cf. Millis v. Scottish Union and National Insurance Co., 95 Mo.App. 211, 68 S.W. 1066. In the second group, where notice of the removal has been had only after the loss the failure of the insurer to tender the unearned part of the premium has been held to result in an estoppel to deny liability. Luthy v. Northwestern National Insurance Co., supra; Painter v. Concordia Fire Insurance Co., Mo.App., 256 S.W. 531 (waiver plus additional trouble and expense to insured). In an analogous situation, where the policy excludes liability if the insured goods are or become mortgaged, the failure of the insurer after notice to tender a return of the unearned premium results in an estoppel of the insurer to "forfeit" the policy. Leer v. Continental Insurance Co., Mo.App., 250 S.W. 631; Dyer v. American Insurance Co., 211 Mo.App. 476, 244 S.W. 964. See Avery v. Mechanics' Insurance Co., Mo. App., 295 S.W. 509. And see Caldwell v. City of New York Insurance Co., Mo. App., 245 S.W. 602. There is no occasion here to pause for a consideration of the difference between waiver and estoppel under the above named cases. Under the described circumstances the effort of the insurer to avoid liability is unavailing.

The cases cited in the last paragraph are characterized by the insurer's repudiation of any liability under the insurance policy. Such is not the case here. The defendant

has at all times admitted liability on the contract. It has in no way attempted to "forfeit" the policy. Admitting liability, it has simply insisted that the contract be honored according to its terms.

When the policy was issued to plaintiffs they were fully informed that they had insurance coverage of their household goods to the limit of $3000 as long as such goods were located in a residence occupied by them in Missouri and that the coverage was limited to three hundred dollars if the goods were located outside the State of Missouri. And so the coverage was for a variant amount, dependent upon circumstances; it was never, under the express terms of the contract, reduced to zero. The consideration for the promises of the insurer was the payment of $23.49. That consideration was not apportioned at so much for coverage within the State of Missouri and so much for coverage outside the state—or so much for the period of $3000 coverage and another sum for the period of only three hundred dollars coverage. In the nature of things there could be no such allocations. The consideration paid was indivisible. The transaction was entire in the sense that the *whole* of what was done on one side was exchanged for all the promises made on the other. And that which the insurer promised remains enforceable.

The only cases cited to us which are comparable to the instant case support the contention made by the defendant that, as long as some coverage is provided by the policy and there has been no attempt to "forfeit" the policy, there is no occasion for the insurer to return any part of the premium.* Thus in Spink v. Mercury Insurance Company, Mo.App., 260 S.W.2d 757, the policy prohibited other insurance on the insured personalty but provided that if there were other insurance the relative policy should apply only as excess coverage; the defendants relied upon the fact that there was no tender of return premium to show that the prohibition had been waived. The court differentiated the case before it from those cases where "The insurer is held * * * to have waived a forfeiture by reason of a failure to return the unearned premiums at the time it disclaimed liability for the loss"; it stated: "We have no such situation here. The policy was not forfeited and, *while it was not in force as to the loss here involved* (emphasis supplied), it continued, by its terms, to insure as excess insurance property not damaged and also continued to cover other risks" not covered by other policies.

In Graham v. Gardner, Mo.App., 233 S.W.2d 797, where an employer's automobile liability policy was in question, a change in employment conditions eliminated a certain portion of the coverage but left the policy in force as to the balance of the stated coverage. When the insurer denied liability in the area of the eliminated coverage, the appellate court summarized the situation in these words: "The garnishee [insurer] does not contend that the policy was not in force at the time of the accident; nor does it contend that the change of drivers worked a forfeiture of any kind. The case does not involve any question of cancellation, suspension, avoidance or forfeiture of the policy." The court declined to consider the contention that "the garnishee cannot declare a forfeiture and retain the premium it collected" because the matter of return of premium was not raised in the pleadings or presented to the trial court. In this regard, however, the court reiterated its previous conclusion by saying: "Furthermore, no question of forfeiture is here involved."

---

* The only fire policy case, cited by plaintiff, which makes reference to this question is Bergerson v. General Insurance Company, supra, where only part of the insured goods were taken to another location and presumably coverage was still in effect on those goods retained at the original location. The court declined to pass upon the effect of such fact because the point was first raised in the insurer's reply brief to which plaintiff had no opportunity to respond.

In an endeavor to avoid the conclusion that respondents had coverage on their household goods at all times, counsel emphasizes that the wording of the ten per cent clause states that "the insured may apply up to ten per cent of the amount specified" while the goods are elsewhere than in Missouri. From this counsel concludes that it was at the insured's option to accept or reject the ten per cent coverage. When this clause was placed in the policy and the insured had paid the premium, the insurer created in the insured a power to hold the insurer liable in case of loss to the extent of the loss not exceeding the ten per cent limit. The power so created is one that the insurer cannot extinguish as long as the policy remains in force, because that power, expressed in the insurer's promise, is part of the exchanged consideration for which the insured paid his money. It cannot be contended that such a power is valueless. And to further contend that an insured would not exercise the power would be a departure from the world of realism. But the real question here is whether or not the insureds had some coverage, in the broad use of that term, at all relevant times. And it cannot be concluded that they had no coverage at the moment when they removed their household goods from Missouri.

Plaintiffs made an effort to show that after removal to Illinois and before the loss the defendant had notice of the removal, and, presumably, gave an implied consent for full coverage at the new location by failing thereupon to cancel the policy. Mrs. Militzer testified to a telephone conversation with a person whom she thought to be Mr. McLaughlin, a local district agent of the defendant at Belleville, in which she advised of the removal. Mr. McLaughlin, called as plaintiffs' witness, denied that he had ever had any conversation with Mrs. Militzer prior to the loss. Without passing upon the question whether notice to such an agent can be notice to the insurer it is sufficient to say that, even assuming that it could be, plaintiffs have not sustained the burden of showing such prior notice.

Among the findings of the trial court in this case were the following:

(1) That, after report of the loss, "defendant, or their agent, refused to pay said loss, alleging that the change in location was a defense to plaintiffs' claim."

(2) "That the insurance continued in full force and effect after the loss and that defendant, or their agents, did not tender any refund premiums to plaintiffs for the time when defendant alleged that there was lack of coverage."

By its motion to set aside the judgment and to enter judgment for defendant in accordance with its motion filed at the close of plaintiffs' evidence, defendant asserted that the judgment was not sustained by the law or the evidence and more particularly that the finding designated above as (1) was contrary to the stipulation of the parties that defendant was at all times willing to pay the sum of $300, which defendant claims was the only amount owing to plaintiffs under the terms and conditions of the policy. More particularly defendant objected to the finding designated above as (2) in that by stipulation of the parties defendant never alleged that there was lack of coverage.

We find that defendant's exceptions to such findings are well taken. In view of what has heretofore been said it must be found that the judgment is not supported by the law or the evidence.

By its brief defendant has consented that judgment for three hundred dollars be entered in favor of plaintiffs.

The judgment is reversed and the cause remanded to the Circuit Court with directions to enter judgment for three hundred dollars in favor of plaintiffs, with costs assessed against plaintiffs.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, judgment is reversed and the cause remanded to the Circuit Court with directions to enter judgment for three hundred dollars in favor of plaintiffs, with costs assessed against plaintiffs.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.